Thomas A. Gentile, Esq. (TG-6956)
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
7 Giralda Farms
Madison, New Jersey 07940
Phone:  (973) 735-5785
Fax:  (973) 624-0808

*Attorneys for Plaintiff*
Celebrity of Springfield, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CELEBRITY OF SPRINGFIELD, LLC, | |
| *Plaintiff,* | No. _____ |
| v. | |
| THE UNITED STATES SMALL BUSINESS ADMINISTRATION; and ISABEL GUZMAN, in her official capacity as Administrator of the United States Small Business Administration, | **COMPLAINT** |
| *Defendants.* | |

Plaintiff CELEBRITY OF SPRINGFIELD, LLC ("Plaintiff" or "Borrower"), by and through its undersigned counsel, WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, by way of Complaint against the Defendants, UNITED STATES SMALL BUSINESS ADMINISTRATION ("SBA") and ISABEL GUZMAN, in her official capacity as Administrator of the United States Small Business Administration (the "Administrator"), hereby alleges as follows:

### NATURE OF THE ACTION

1.      Plaintiff challenges the SBA's denial of forgiveness of $936,963 of loan proceeds that Plaintiff received under the Paycheck Protection Program ("PPP").

2.      Plaintiff is one of a "corporate group" of entities which, as a group, was eligible for $4,000,000 (four million dollars) in PPP second draw loans.  Plaintiff applied for, and received, a

second draw loan of $2,000,000 (two million dollars).  When Plaintiff applied for and received the $2,000,000, Plaintiff's corporate group had already taken out $3,063,037 in second draw loans.  The $2,000,000 loan thus put Plaintiff's corporate group $1,063,037 over the $4,000,000 maximum.

3.      Plaintiff applied for forgiveness of the $2,000,000 loan, pursuant to the statute by which Congress required the SBA to forgive such loans.  The SBA issued a final loan review decision that denied forgiveness of the **entirety** of the $2,000,000 loan, reasoning that none of that loan could be forgiven because that loan placed the corporate group in excess of the $4,000,000 maximum.

4.      Plaintiff appealed the SBA's final loan review decision to the SBA's Office of Hearings and Appeals ("OHA"), pursuant to applicable regulations.  Plaintiff argued to the OHA that pursuant to applicable regulations, the SBA should have denied forgiveness **only** as to the $1,063,037 that exceeded the corporate maximum, while granting forgiveness as to the remaining $936,963.  The OHA issued a decision that upheld the earlier final loan review decision, stating that the SBA would **not** forgive the $936,963 portion of the $2,000,000, even though that $936,963 portion was not in excess of the corporate group's $4,000,000 maximum.

5.      Under applicable regulations, the OHA's decision is now the final decision of the SBA.  Plaintiff has exhausted all administrative remedies, and now commences this action under the Administrative Procedure Act ("APA") to set aside the SBA's unlawful denial of forgiveness of the $936,963 portion; and to compel the SBA to grant forgiveness as to that $936,963 portion.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff's causes of action arise under the APA.  *See* 5 U.S.C. § 701 ("A person suffering legal

wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof").

7.     Venue is proper in this district pursuant to 28 U.S.C. §1391(e)(1)(A), because plaintiff resides in this district; and pursuant to 13 CFR § 134.1211(g), which provides that "[f]inal decisions [of the SBA] may be appealed to the appropriate federal district court only."

8.     The decision that the OHA issued on February 6, 2023 is the final decision of the SBA, and thus is a final agency action for purposes of the APA, pursuant to 13 CFR § 134.1211(b), which provides that "unless a request for reconsideration is filed pursuant to paragraph (c) of this section or the SBA Administrator, solely within the Administrator's discretion, decides to review or reverse the initial decision pursuant to paragraph (d) of this section, an initial decision shall become the final decision of SBA 30 calendar days after its service."

## THE PARTIES

9.     Plaintiff Celebrity of Springfield, LLC is a New Jersey limited liability company that is engaged in the business of selling and leasing luxury automobiles.  Plaintiff has it principal place of business at 391 U.S. Route 22, Springfield Township, New Jersey.  Pursuant to applicable regulations, for purposes of PPP, Plaintiff is part of a single "corporate group" of entities that is "majority owned, directly or indirectly, by a common parent."

10.     Defendant SBA is an independent agency of the United States, with offices at 409 3rd Street, S.W., Washington, D.C.  The SBA was created pursuant to 15 U.S.C. Ch. 14A.

11.     Defendant Isabel Casillas Guzman is the Administrator of the SBA.  She is sued in her official capacity.  Administrator Guzman has an office at 409 3rd Street, S.W., Washington, D.C.

## STATEMENT OF FACTS

12.     The SBA administers the 7(a) Loan Program pursuant to applicable regulations.  The 7(a) Loan Program's purpose is to help qualified entrepreneurs to start or expand small businesses.

13.     On or about March 27, 2020, the Coronavirus Aid, Recovery and Economic Security Act ("CARES") , P.L. 116-136, became law.  The CARES Act established the Paycheck Protection Program ("PPP"), the purpose of which was to provide eligible small businesses with funds to meet payroll costs during the COVID-19 pandemic.  Under PPP, the SBA guarantees loans that private lenders (approved by the SBA) provide to eligible small businesses.  The CARES Act provides that the SBA is to administer PPP as part of the 7(a) Loan Program, subject to applicable regulations.

14.     On December 27, 2020, the Economic Aid to Hard-Hit Small Businesses, Nonprofits and Venues Act, P.L. 116-260,  became law.  This statute authorized the SBA to guarantee "second draw loans" under PPP.  Such second draw loans are the subject of this action.

15.     Pursuant to applicable regulations, the single corporate group of which Plaintiff is part is eligible for $4,000,000 of such second draw loans.

16.     Plaintiff submitted to its lender, Valley National Bank, an application for a second draw loan in the amount of $2,000,000.  Valley National Bank approved this application.  On or about March 3, 2021, Valley National Bank disbursed $2,000,000 to Plaintiff.

17.     Section 1106 of the CARES Act ("Loan Forgiveness") provides for forgiveness of up to the full principal amount of qualifying PPP loans, subject to the requirements of that section.

18.     On or about January 12, 2022, Plaintiff submitted to the SBA an application for forgiveness of the foregoing second draw loan, in the amount of $2,000,000.

19.     On or about September 1, 2022, the SBA issued a final loan review decision that denied forgiveness of the entirety of the foregoing $2,000,000 second draw loan.  A true and correct

copy of the foregoing final loan review decision is attached as Exhibit A to this Complaint.   The

SBA's final loan review decision stated (in relevant part) as follows:

> SBA has determined that the borrower was ineligible for the PPP loan amount received. The reason(s) for SBA's decision is as follows: After a review of the documentation provided, the SBA concludes that the Borrower business which is part of a corporate group has received more than $4,000,000 of 2nd draw PPP loans in the aggregate. Maoli et al is a "family" of 5 entities defined by 100% direct ownership and management control of Thomas Maoli (individual), as disclosed and attested to on borrowers 3511 and Schedule A Addendums. The family group has a total of 4 second draw loans totaling $5,063,137 in aggregate, which exceeds the $4,000,000 corporate maximum by $1,063,037. Therefore its 4th second draw loan, #5886528506 disbursed on 3/3/21 for $2,000,000, is Ineligible.

20.     On or about September 15, 2022, Plaintiff commenced with the OHA an appeal of

the SBA's final loan review decision, pursuant to 13 C.F.R. § 134.1202 ("Commencement of

Appeals of Final SBA Loan Review Decisions").   The filing with the OHA of an administrative

record and substantial briefing ensued.

21.     In its briefing to the OHA, Plaintiff argued as follows:

> SBA allowed forgiveness of $0.00 of the referenced loan.  Yet the circumstances of this matter … do not support such a denial of forgiveness as to the full $2,000,000 amount of the loan forgiveness application.  The subject corporate group's having received $1,063,037 more than the corporate maximum of $4,000,000 constitutes an "excess loan amount error" (specifically, a borrower error made in good faith) as defined under applicable regulations.  Such applicable regulations provide that the appropriate decision as to the subject loan forgiveness application would be for the SBA to direct the lender to deny loan forgiveness *only* as to that part of the loan ($1,063,037) that exceeds the $4,000,000 corporate maximum.  It is not appropriate for SBA to direct denial of forgiveness of the full $2,000,000.

22.     In support of the foregoing argument, Plaintiff referred the OHA to 85 Fed. Reg.

33012, a regulation that addresses the question, "If SBA determines that a borrower is ineligible for

a PPP loan, can the loan be forgiven?"  85 Fed. Reg. 33012 provides (in relevant part) as follows:

> [I]f SBA determines that the borrower is ineligible for the loan amount or loan forgiveness amount claimed by the borrower, **SBA will direct the lender to deny the loan forgiveness application in whole or <u>in part, as appropriate</u>**.

(Emphasis added).

23.     Plaintiff further referred the OHA to SBA Procedural Notice. Control No. 5000-20078 (effective January 15, 2021), the Subject of which is "Paycheck Protection Program Excess Loan Amount Errors." This Procedural Notice provides (in relevant part) as follows:

> If the lender or SBA, as applicable, determines a borrower was ineligible for any portion of its loan amount, **forgiveness will be denied for the ineligible portion** and the borrower must begin making payments on the remaining loan amount.

(Emphasis added.)

24.     Under the foregoing authority, the SBA should have denied loan forgiveness only "in part." Specifically, the SBA should have denied forgiveness only as to the $1,063,037 that exceeded the corporate maximum, while granting forgiveness as to the remaining $936,963.

25.     In disregard of the forgoing authority, on or about February 6, 2023, OHA issued a decision affirming the final SBA loan decision, stating that Plaintiff "is not entitled to PPP loan forgiveness in any amount." A true and correct copy of the OHA's decision dated February 6, 2023, is attached as Exhibit B to this Complaint.

26.     13 CFR § 134.1211(b) provides that "unless a request for reconsideration is filed pursuant to paragraph (c) of this section or the SBA Administrator, solely within the Administrator's discretion, decides to review or reverse the initial decision pursuant to paragraph (d) of this section, an initial decision shall become the final decision of SBA 30 calendar days after its service."

27.     The Administrator did not review or reverse the OHA's decision dated February 6, 2023. Consequently, pursuant to 13 CFR § 134.1211(b), the OHA's decision dated February 6, 2023 became the final decision of the SBA on or about March 8, 2023, which is 30 days after the OHA's decision dated February 6, 2023 was served.

28.    Pursuant to 13 CFR § 134.1211(g), which provides that "[f]inal decisions be appealed to the appropriate federal district court only," Plaintiff has exhausted all administrative remedies, and may now pursue this action before this Court.

**FIRST CAUSE OF ACTION**
**Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)**
**(SBA Lacks a Statutory or Regulatory Basis to Deny Partial Forgiveness)**

29.    Plaintiff repeats and re-alleges Paragraphs 1 through 28 (inclusive) of this Complaint with the same force and effect as if set forth at length in this Paragraph.

30.    The APA provides that a reviewing court must "hold unlawful and set aside agency action … found to be … not in accordance with law."  5 U.S.C. § 706(2)(A).

31.    In denying forgiveness of the $936,963 portion of the subject second draw loan that was not in excess of the $4,000,000 corporate maximum to which Plaintiff's corporate group was subject, the SBA acted contrary to law, in violation of applicable law and regulations.

32.    Specifically, and without limitation, 85 Fed. Reg. 33012 provides (in relevant part) as follows: "[I]f SBA determines that the borrower is ineligible for the loan amount or loan forgiveness amount claimed by the borrower, SBA will direct the lender to deny the loan forgiveness application in whole or in part, as appropriate."  SBA violated this regulation when it denied forgiveness of the $936,963 portion of the subject loan that was not in excess of the maximum.

33.    Under 5 U.S.C. § 706(2)(A), this Court must therefore hold unlawful and set aside the final decision of the SBA that denied forgiveness of the $936,963 portion of the subject second draw loan that was not in excess of the $4,000,000 corporate maximum.

**SECOND CAUSE OF ACTION**
**Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)**
**(Arbitrary and Capricious Action in Violation of the APA)**

34.    Plaintiff repeats and re-alleges Paragraphs 1 through 33 (inclusive) of this Complaint with the same force and effect as if set forth at length in this Paragraph.

35.    The APA provides that a reviewing court must "hold unlawful and set aside agency action … found to be … arbitrary, capricious, [or] an abuse of discretion." 5 U.S.C. § 706(2)(A).

36.    In denying forgiveness of the $936,963 portion of the subject second draw loan that was not in excess of the $4,000,000 corporate maximum to which Plaintiff's corporate group was subject, the SBA acted arbitrarily, capriciously and abused its discretion.

37.    Under 5 U.S.C. § 706(2)(A), this Court must therefore hold unlawful and set aside the final decision of the SBA that denied forgiveness of the $936,963 portion of the subject second draw loan that was not in excess of the foregoing $4,000,000 corporate maximum.

**THIRD CAUSE OF ACTION**
**Administrative Procedure Act, 5 U.S.C. § 706(1)**
**(to Compel Agency Action Unlawfully Withheld)**

38.    Plaintiff repeats and re-alleges Paragraphs 1 through 37 (inclusive) of this Complaint with the same force and effect as if set forth at length in this Paragraph.

39.    The APA provides that a reviewing court must "compel agency action unlawfully withheld." 5 U.S.C. § 706(2)(A).

40.    In denying forgiveness of the $936,963 portion of the subject second draw loan that was not in excess of the $4,000,000 corporate maximum to which Plaintiff's corporate group was subject, the SBA unlawfully withheld agency action required by law, including, without limitation, 85 Fed. Reg. 33012, which provides (in relevant part) that "if SBA determines that the borrower is

ineligible for the loan amount or loan forgiveness amount claimed by the borrower, SBA will direct the lender to deny the loan forgiveness application in whole or in part, as appropriate."

41.    Under 5 U.S.C. § 706(2)(A), this Court must compel the SBA to grant forgiveness of the $936,963 portion of the subject second draw loan that was not in excess of the $4,000,000 corporate maximum to which Plaintiff's corporate group was subject.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

A.    The entry of judgment in favor of the Plaintiff; and

B.    An order holding unlawful and setting aside the final decision of the SBA that denied forgiveness of the $936,963 portion of the subject second draw loan that was not in excess of the $4,000,000 corporate maximum to which Plaintiff's corporate group was subject; and

C.    An order compelling the SBA to grant forgiveness of the $936,963 portion of the subject second draw loan that was not in excess of the $4,000,000 corporate maximum to which Plaintiff's corporate group was subject; and

D.    An award of all costs and attorneys' fees pursuant to any applicable authority; and

E.    Such further relief as this Honorable Court deems just and proper.

Dated:  March 27, 2023

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By:  /s/ Thomas A. Gentile
     THOMAS A. GENTILE

*An Attorney Admitted to Practice before this Honorable Court*

7 Giralda Farms
Madison, New Jersey 07940
Phone:  (973) 735-5785
Fax:  (973) 624-0808

*Attorneys for Plaintiff*
Celebrity of Springfield, LLC

# EXHIBIT A



**SMALL BUSINESS ADMINISTRATION
WASHINGTON, DC 20416**

09/01/2022

VIA FORGIVENESS PLATFORM

Karen Bricken

Valley National Bank

Re: PAYCHECK PROTECTION PROGRAM FINAL SBA LOAN REVIEW DECISION
 Borrower: CELEBRITY OF SPRINGFIELD LLC
 SBA Loan No.: 5886528506
 Approved Loan Amount: $2,000,000.00
 Loan Approval Date: 03/02/2021
 Lender Forgiveness Decision Submission Date: 01/12/2022
 Lender Forgiveness Decision Amount: $2,000,000.00
 SBA Final Forgiveness Amount: $ 0.00

## Dear: Karen Bricken

The U.S. Small Business Administration (SBA) has completed its review of the above-referenced Paycheck Protection Program (PPP) loan.  Based on a review of lender and/or borrower submissions, and consideration of the facts and circumstances, SBA has made a final SBA loan review decision.

---

**SBA has determined that the borrower was ineligible for the PPP loan amount received. The reason(s) for SBA's decision is as follows:**
**After a review of the documentation provided, the SBA concludes that the Borrower business which is part of a corporate group has received more than $4,000,000 of 2nd draw PPP loans in the aggregate.**
**Maoli et al is a "family" of 5 entities defined by 100% direct ownership and management control of Thomas Maoli (individual), as disclosed and attested to on borrowers 3511 and Schedule A Addendums. The family group has a total of 4 second draw loans totaling $5,063,137 in aggregate, which exceeds the $4,000,000 corporate maximum by $1,063,037. Therefore its 4th second draw loan, #5886528506 disbursed on 3/3/21 for $2,000,000, is Ineligible.**

---

Based on the above stated reason(s), SBA has determined that forgiveness in the amount of $0.00 is appropriate. Additional details regarding the forgiveness payment amount (if any) will be provided in a Notice of Paycheck Protection Program Forgiveness Payment.

Within 5 business days of the date of this letter, you must provide a copy of this final SBA loan review decision to the borrower.

You must continue to service the loan. You must notify the borrower that the remaining balance of the loan after application of the forgiveness payment (if any) must be repaid on or before the maturity date. The notification must include the date on which the first principal and interest payment is due and the amount of the borrower's regular payment. As set forth below, if the borrower files a timely appeal with SBA's Office of Hearings and Appeals (OHA), the deferment period of the loan will be extended pursuant to 13 CFR § 134.1211.

Pursuant to 13 CFR § 134.1201(b), the borrower has the right to appeal to SBA's Office of Hearings and Appeals a final SBA loan review decision that the borrower:

1. was ineligible for a PPP loan;
2. was ineligible for the PPP loan amount received or used the PPP loan proceeds for unauthorized uses;
3. is ineligible for PPP loan forgiveness in the amount determined by the lender in its full approval or partial approval decision issued to SBA; and/or
4. is ineligible for PPP loan forgiveness in any amount when the lender has issued a full denial decision to SBA.

Any appeal must be made in accordance with the SBA Rules of Practice for Borrower Appeals of Final SBA Loan Review Decisions Under the Paycheck Protection Program, located at 13 CFR § 134.1201, *et seq.*, including but not limited to the following:

- An appeal petition must be filed with SBA's Office of Hearings and Appeals (OHA) within 30 calendar days after the borrower's receipt of the final SBA loan review decision. 13 CFR § 134.1202(a). To file and manage an appeal of a final SBA loan review decision with OHA, refer to Office of Hearings and Appeals.
- Borrower must include, among other things, a copy of this final SBA loan review decision with its appeal. 13 CFR § 134.1204(a).
- Borrower must provide you (the lender) with a copy of the timely appeal petition filed with OHA so that you can extend the deferment period of the loan. 13 CFR § 134.1202(b).
- An appeal to OHA is an administrative remedy that must be exhausted before judicial review of a final SBA loan review decision may be sought in a federal district court. 13 CFR § 134.1201(d).

Thank you for your cooperation.

Sincerely,

Office of Capital Access
U.S. Small Business Administration

# EXHIBIT B

# United States Small Business Administration
# Office of Hearings and Appeals

**PAYCHECK PROTECTION PROGRAM
APPEAL OF**:

Celebrity of Springfield, LLC

      Appellant

Appealed from
SBA PPP Loan No. 5886528506

Issued:  February 6, 2023

Decision No. PPP 5886528506

**APPEARANCES:**
Thomas Gentile, Esquire, for Appellant
James Novara, Esquire, Office of General Counsel, for Respondent Small Business
Administration

## DECISION

On September 1, 2022, the U.S. Small Business Administration (SBA) Office of Capital Access issued a final Paycheck Protection Program loan review decision finding Celebrity of Springfield, LLC ineligible for forgiveness of a PPP loan received in March 2021 in the amount of $2,000,000.  On September 15, 2022, Appellant filed the instant appeal (Appeal) from that final loan review decision.  Appellant seeks partial forgiveness in the amount of $936,963.

After carefully considering the evidence in the Administrative Record[1], the evidence submitted by Appellant[2], and the final SBA loan review decision in the matter of the Paycheck Protection Program (PPP) loan to Celebrity of Springfield, LLC, as well as the arguments presented, it is my decision that SBA's determination should be AFFIRMED.  For the reasons discussed below, Appellant is not entitled to PPP loan forgiveness in any amount.

## Procedural History/Background

On March 27, 2020, the Coronavirus Aid, Recovery and Economic Security Act ("CARES Act") became law. P.L.116-136 (March 27, 2020).

The CARES Act expressly provides that the PPP is a part of SBA's 7(a) Loan Program and subject to the policies and regulations applicable to the 7(a) Loan Program. Congress made the

---

[1] The Administrative Record (AR) that has been filed with OHA in PDF format contains 9 parts.  Each page includes a page number located at the lower right-hand corner.  The AR part, followed by the page number is utilized herein when citing to the Administrative Record.  For example:  AR 9 Pg. 3995.
[2] Docket numbers referred to herein represent the referenced document in the chronological order in which that document was filed on the OHA Case Portal.

decision not to enact the PPP as a freestanding program, but rather to utilize the pre-existing infrastructure of SBA's Section 7(a) lending program. See 85 Fed. Reg. at 20811 (recognizing the CARES Act "temporarily adds a new product, titled the 'Paycheck Protection Program,' to [SBA's] 7(a) Loan Program"). Congress confirmed that its placement of the PPP within the Section 7(a) lending program was deliberate, specifying that "[e]xcept as otherwise provided", the Administrator may guarantee PPP loans "under the same terms, conditions, and processes" as a loan made under Section 7(a). CARES Act § 1102, 134 Stat. at 287 (codified 15 U.S.C. § 636(a)(36)(B)).

The CARES Act specified PPP loans were given only if, in light of the COVID-19 pandemic, the borrowed funds were necessary to support the ongoing operations of the eligible recipient; and that the funds would be used to retain workers and maintain payroll or make mortgage payments, lease payments, and utility payments. 15 USC §636(a)(36)(F) and (G). PPP funds could not be used for compensation of employees whose principal place of residence was outside the United States, and, further, salary expenditures were capped at the equivalent of no more than $100,000 annually per employee. 15 U.S.C. § 636(a)(36)(A)(viii)(II). If the borrower was ineligible for a PPP loan, but nevertheless received such a loan, then the loan is not subject to forgiveness. See 85 FR 33010, 33012- 33013. In December 2020 Congress passed the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act authorizing SBA to guarantee PPP second draw loans.

Appellant completed SBA Form 2483-SD[3], Paycheck Protection Program Second Draw Borrower Application (Application) and submitted it to Appellant's lender, Valley National Bank. AR 9 Pgs. 4215-4222.

Valley National Bank Approved Appellant's Application and a PPP loan (Loan) was disbursed to Appellant by the bank on March 3, 2021, in the amount of $2,000,000. Dkt. 2.

On January 12, 2022, Appellant executed a Paycheck Protection Program PPP Loan Forgiveness Application Form 3508EZ requesting forgiveness of the loan in the amount of $2,000,000. AR 9 Pgs. 4231-4234.

On January 14, 2022, SBA advised Appellant, through Valley National Bank, that it was reviewing the loan and required additional documents. AR 9 Pgs. 4194-4195. Thereafter, SBA sent Appellant, again through Valley National Bank, requests for documents related to payroll, identification of all principals, tax returns, bank statements, filed DBA, business license, affiliation, and maximum second draw loan amount. AR 9 Pgs. 4196-4214.

On September 1, 2022, SBA issued a final loan review decision, denying forgiveness of the loan. It stated:

---

[3] It is noted that two, completed SBA Forms 2483-SD are in the Administrative Record. A hand-written version is contained at AR 6 Pgs. 3829-3831 and is dated January 19, 2021, and a typed version is contained at AR 9 Pgs. 4215-4222 and is dated March 2, 2021. The figures within the applications are identical.

**SBA has determined that the borrower was ineligible for the PPP loan amount received. The reason(s) for SBA's decision is as follows: After a review of the documentation provided, the SBA concludes that the Borrower business which is part of a corporate group has received more than $4,000,000 of 2nd draw PPP loans in the aggregate. Maoli et al is a "family" of 5 entities defined by 100% direct ownership and management control of Thomas Maoli (individual), as disclosed and attested to on borrowers 3511 and Schedule A Addendums. The family group has a total of 4 second draw loans totaling $5,063,137 in aggregate, which exceeds the $4,000,000 corporate maximum by $1,063,037. Therefore its 4th second draw loan, #5886528506 disbursed on 3/3/21 for $2,000,000, is Ineligible.** Dkt. 2.

On September 15, 2022, Appellant filed the instant Appeal. Dkt. 1. On October 4, 2022, the undersigned issued a Notice and Order requiring SBA to compile and file the Administrative Record (AR) in Appellant's SBA PPP loan case. Dkt. 3. The AR was filed on November 22, 2022. Dkts. 6-14. On December 27, 2022, SBA filed a Response to Appeal (SBA Response). Dkt. 17. On January 4, 2023, Appellant filed a Request for Leave to Reply (Reply) to the SBA Response and included its arguments therewith. Dkt. 18. The undersigned issued an Order for SBA Response (to Appellant's Reply) on January 5, 2023, and SBA timely filed its Response thereto on January 18, 2023. Dkts 19 & 20. On January 20, 2023, an Order granting Appellant leave for its Reply was issued. Dkt. 21. The record is now closed, and the Appeal is ready for decision.

## JURISDICTION

### The CARES Act

In March 2020, in response to the COVID-19 pandemic and the resulting economic upheaval, Congress passed the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. 116-136, 134 Stat. 281 (2020). Section 1102 of the Act established the Paycheck Protection Program (the Program, or PPP), which was aimed at helping businesses meet payroll costs and pay operating expenses to keep people employed through the economic downturn. Id. § 1102, 134 Stat. at 286 (codified at 15 USC § 636(a)(36)). Congress first authorized $349 billion Docket No. PPP - 8813887102 - 2 - in loans. CARES Act § 1102(b)(1). One month later, Congress increased this figure to $659 billion. Paycheck Protection and Health Care Enhancement Act, Pub. L. No. 116-139, § 101(a)(1), 134 Stat. 620 (2020).

Congress placed the Program under Section 7(a) of the Small Business Act, making the Small Business Administration (SBA) the agency entrusted to administer the Program. See CARES Act § 1102(a) (adding Paragraph (36) to 15 U.S.C. § 636(a)). Section 7(a) loans are the SBA's main program for helping small businesses. Congress gave the SBA rulemaking power directly related to the PPP, specifying that SBA, not later than 15 days after the passage of the CARES Act "shall issue regulations to carry out this title," and SBA implemented and issued several interim final rules (IFRs) under the Program. CARES Act, § 1114, 134 Stat. at 312 (codified at 15 U.S.C. § 9012).

Docket No. 5886528506

## OHA Jurisdiction

Title 13 C.F.R. §134.1201(b)(1)-(4) provides that OHA has jurisdiction over appeals where SBA has provided the borrower with a PPP final loan review decision finding the borrower:

is ineligible for a PPP loan.
is ineligible for the PPP loan amount received.
used the loan proceeds for unauthorized uses.
is ineligible for the PPP loan forgiveness amount determined by the lender in full or partial approval decision issued to SBA; or
is ineligible for PPP loan forgiveness when the lender has issued a full denial decision to SBA.

Appellant appeals a determination by SBA that it is ineligible for forgiveness of its PPP loan in the amount of $2,000,000. Appellant seeks partial forgiveness thereof in the amount of $936,963. Accordingly, this matter is properly before OHA for decision.

## ISSUE

Whether the final SBA loan review decision contains any clear error of law or fact which would allow payment to Appellant of $936,963 in requested PPP loan forgiveness.

## STANDARD OF REVIEW

Appellant has the burden of proving all elements of the appeal. 13 C.F.R. § 134.1210. Specifically, Appellant must prove that SBA committed clear error of fact or law in making the determination that it was ineligible to receive $936,963 in requested PPP loan forgiveness.

## APPLICABLE LAW AND POLICY

### Paycheck Protection Program ("PPP")

PPP is a temporary SBA 7(a) loan program designed to provide emergency assistance to certain small businesses during the COVID-19 crisis, for the purposes of helping businesses keep their workers paid and employed. PPP was established under section 1102 of the Coronavirus Aid, Relief, and Economic Security (CARES) Act (Pub. L. 116–136), which was signed into law on March 27, 2020, and subsequently revised and expanded by other statutes.

In general, PPP was open to all American small businesses with 500 or fewer employees, including sole proprietorships, independent contractors, and self-employed individuals. 15 U.S.C. § 636(a)(36)(D). Other types of entities, such as nonprofit organizations and housing cooperatives, also could be eligible under certain circumstances.

Docket No. 5886528506

Under PPP, borrowers obtain loans through an SBA-approved lender, rather than from SBA itself, and the lender services the PPP loan. SBA implements the program and guarantees 100% of PPP loans to the lender in the event of default.

Under the structure of the PPP program established by the CARES ACT and the PPP Interim Final Rules (IFR), loans and loan forgiveness are provided based on the borrower's certification and documentation provided by the borrower. When applying for a PPP loan, the borrower was required to certify to their loan eligibility.

Paycheck Protection Program ("PPP") Loan Forgiveness

To seek loan forgiveness, a PPP borrower must submit a Loan Forgiveness Application (Form 3508) to its lender, with supporting documentation of its expenditures. 15 U.S.C. § 636m(e). The lender reviews the application and makes an initial decision regarding loan forgiveness. 15 U.S.C. § 636m(g).

Following an initial decision by the lender, the Office of Capital Access may issue a final SBA loan review decision, which is an official written decision issued by the SBA. The Office of Capital Access reviews the PPP loan to make determination as to whether the borrower:

(1) Was ineligible for a PPP loan
(2) Was ineligible for the PPP loan amount received or used PPP loan proceeds for unauthorized uses
(3) Is ineligible for PPP loan forgiveness in the amount determined by the lender in its full approval or partial approval decision issued to the SBA; and/or,
(4) Is ineligible for PPP loan forgiveness in any amount when the lender issued a full denial decision to SBA. 13 C.F.R. §134.1201(b)(1)-(4).

If SBA determines during its review that the borrower was ineligible for the PPP loan under the statute, the SBA rules or guidance available at the time of the borrower's loan application, or the terms of the borrower's PPP loan application, the borrower will not be eligible for loan forgiveness., 13 C.F.R.§ 120.524 (c). If SBA determines that a borrower is ineligible for a PPP loan, the loan cannot be forgiven. Section 7A(b) of the Small Business Act provides for forgiveness of a PPP loan only if the borrower is determined to be an "eligible recipient" of the loan under the statute, rules, and guidance at the time of the borrower's loan application. See Interim Final Rule 85 FR 33010, subsection III. I. e (June 1, 2020.) See also SBA regulations as modified and clarified by the PPP Interim Final Rules and 13 CFR §121.301(f).

**The Final SBA Loan Review Decision**

SBA has determined that the borrower was ineligible for forgiveness of its second draw PPP loan.  The reason(s) for SBA's decision is as follows:

**After a review of the documentation provided, the SBA concludes that the Borrower business which is part of a corporate group has received more than $4,000,000 of 2nd draw PPP loans in the aggregate.  Maoli et al is a "family" of 5 entities defined by 100% direct ownership and management control of Thomas Maoli (individual), as disclosed and attested to on borrowers 3511 and Schedule A Addendums.  The family group has a total of 4 second draw loans totaling $5,063,137 in aggregate, which exceeds the $4,000,000 corporate maximum by $1,063,037. Therefore its 4th second draw loan, #5886528506 disbursed on 3/3/21 for $2,000,000, is Ineligible.** Dkt. 2.

## Appellant's Appeal Petition

In its Appeal Appellant acknowledges that it is part of a corporate group that received a total of 4 second draw loans totaling $5,063,137, which is $1,063,037 above the corporate maximum loan eligibility of $4,000,000.  Dkt. 1.  However, Appellant asserts the circumstances do not support SBA's denial of the full $2,000,000 Loan that put the group over the maximum. Instead, Appellant argues SBA should have limited its denial of forgiveness to the amount that was over the maximum eligibility amount or $1,063,037 and forgiven the $936,963 for which it was eligible.  Appellant asserts the corporate group's receipt of $1,063,037 above its maximum eligibility constitutes an "excess loan amount error" that the borrower made in good faith and that under applicable regulations it was not appropriate for SBA to deny forgiveness of the $936,963 for which it was eligible.

In support of its argument, Appellant cites to 85 Fed. Reg. 33012 that addresses the question, "If SBA determines that a borrower is ineligible for a PPP loan, can the loan be forgiven?"  Although the first part of the answer appears to support SBA, "No. if SBA determines that a borrower is ineligible for the PPP loan, SBA will direct the lender to deny the loan forgiveness application," but Appellant says it must be read in conjunction with the regulation's next sentence, which states, "[i]f SBA determines that the borrower is ineligible for the loan forgiveness amount claimed by the borrower, SBA will direct the lender to deny the loan forgiveness application in whole or <u>in part, as appropriate</u>."  Appellant contends that the "appropriate" language required SBA to grant forgiveness of its loan "in part." Specifically, to forgive the $936,963 part of the loan that did not exceed its maximum PPP loan eligibility.

Appellant also points to SBA Procedural Notice. Control No. 5000-20078 which addresses PPP excess loan amount errors and states, "[i]f the lender or SBA, as applicable, determines a borrower was ineligible for any portion of its loan amount, forgiveness will be denied for the ineligible portion and the borrower must begin payment on the remaining loan amount."

Appellant attached the referenced regulation and SBA Notice to its Appeal Petition together with a letter from its managing member directed to SBA during its PPP loan review that summarizes the 4 loans and states, "We were not aware that the maximum 2nd draw PPP loans the companies could receive was $4 million."

In summary, Appellant asks OHA to reverse the final SBA loan review decision in part, granting forgiveness of $936,963 and denying the remaining $1,063,037.

**SBA Response to Appellant's Appeal Petition**

In its Response, SBA asserts that 85 Fed Reg 33102 "[a]pplies to instances where borrower miscalculates its eligible PPP loan amount, not where a corporate group knowingly obtained funds in excess of the corporate limit." Dkt. 17. That the regulation applicable to Appellant is 86 Fed. Reg. 3692, 3712 which provides, that "It is the responsibility of an applicant for a PPP loan to notify the lender if the applicant has applied for or received PPP loans in excess of the amount permitted by this interim final rule and withdraw or request cancellation of any pending PPP loan application or approved PPP loan not in compliance with the limitation set forth in this rule. Failure by the applicant to do so will be regarded as a use of PPP funds for unauthorized purposes, and the loan will not be eligible for forgiveness. A lender may rely on an applicant's representation concerning the applicant's compliance with this limitation."

It is SBA's position that Appellant's "[r]etention and unauthorized use of the excess Loan funds rendered the entire Loan ineligible for forgiveness." Appellant made no attempt to comply with the $4,000,000 limit until *after* SBA denied forgiveness of the Loan. Therefore, SBA clearly did not err in denying Appellant full forgiveness of the $2,000,000 Loan. *Id.*

**Appellant's Reply to SBA Response**

Appellant asserts that SBA's argument makes an "**[e]normous assumption of fact** that the Borrower 'knowingly obtained funds in excess of the corporate limit." That there is **zero** evidence the borrower intended to exceed the corporate limit. "To the contrary, the Borrower exceeded the corporate maximum by mistake, having lost track of the amounts of loans taken out across the various entities of the Borrower's corporate group."

Secondly, Appellant contends that even assuming borrower acted knowingly, there is nothing in 86 Fed. Reg. 3692, 3712 that requires denial of loan in its entirety. Appellant argues the regulations cited by SBA and those cited by Appellant should be read in conjunction with one another and "[t]he mandate of 85 Fed. Reg. 33012 that the SBA should deny forgiveness of an ineligible loan 'in whole or in part, as appropriate' informs any application of 86 Fed. Reg. 3692, 3712. Thus, even if the Borrower did have some obligation to return the excess funds, the proper course would have been for the SBA to deny forgiveness as to the $1,063,037 excess only, while granting forgiveness of the $936,963 part of the loan that was below the corporate maximum eligible amount." Moreover, that under SBA's position, a borrower could exceed the corporate maximum by a mere $100 and be denied forgiveness of the full amount of a $2,000,0000 - an application that is inconsistent with the purposes of the PPP program. *Id.*

**SBA's Response**

SBA reaffirms its reliance on 86 Fed. Reg. 3692, 3712 and asserts that the regulation is clear and undisputed that ***the loan***, which means the entire loan, is ineligible for forgiveness. Dkt. 20. "Appellant cannot rewrite the regulation to change the language to state that 'the portion of the loan in excess of the applicable Corporate group limit' is not eligible for forgiveness and the

parties are bound by the clear language" of the regulations, as written. SBA also contends that there is no knowledge or intent requirement of 86 Fed Reg 3712. "It is the 'responsibility of an applicant' to 'withdraw or request cancellation of any pending PPP loan application or approved loan' which violates the corporate maximum." Since Appellant did not seek to withdraw or cancel its ineligible loan, it is deemed to have used PPP funds for unauthorized purposes and *the loan* is not eligible for any forgiveness. SBA's Final Decision was not based on clear error of fact or law and should be affirmed." *Id.*

## FINDING OF FACTS AND ANALYSIS

The facts are undisputed that Appellant obtained a PPP loan that exceeded the maximum allowable. Appellant admits as much. However, Appellant asserts it was an "excess loan error" made in good faith and the amount borrowed that is below the maximum- $936,963, should be forgiven as allowed by SBA's regulations. Dkt. 1.

It is SBA's position, citing 86 Fed Reg 3712(f)(9) that the regulations support, even require, denial of forgiveness of the total PPP loan. Appellant acknowledges that denial was required of the $1,063,037 in PPP loan funds it received in excess of its maximum loan eligibility. It contends, however, that SBA erred in not considering it "appropriate" to forgive the $936,963 loan amount that was within the maximum loan amount for the company,

After considering all arguments presented, I agree with SBA that Appellant has failed to show a clear error of fact or law by SBA in its final SBA loan review decision.

From the early stages of the Paycheck Protection Program SBA promulgated specific rules for "corporate groups." On May 4, 2020, an Interim Final Rule (85 FR 26324-26325) was issued to address the use of PPP loan funds by corporate groups and a limit was set on the amount of PPP loans that could be obtained by any one group. Guidance was available to Appellant when it applied for its second draw PPP loan. Borrowers were advised 'how to' calculate maximum second draw PPP loan amounts. *See* Second Draw Paycheck Protection Program (PPP) Loans: How to Calculate Revenue Reduction and Maximum Loan Amounts (sba.gov). (March 12, 2021). Question 16 asks:

"**16. Question:** Is there a limit on the dollar amount of Second Draw PPP Loans a corporate group can receive?
**Answer:** Yes, businesses that are part of the same corporate group cannot receive Second Draw PPP Loans in a total amount of more than $4 million. For purposes of this limit, businesses are part of a single corporate group if they are majority owned, directly or indirectly, by a common parent."

Further, 86 Fed. Reg. 3712.f.ii provides that "it is the responsibility of an applicant for a PPP loan to notify the lender if the applicant has applied for or received PPP loans in excess of the amount permitted by this interim final rule and withdraw or request cancellation of any pending PPP loan application or approved PPP loan not in compliance with the limitation set forth in this rule. Failure by the applicant to do so will be regarded as a use of PPP funds for unauthorized purposes, and the loan will not be eligible for forgiveness."

SBA relies on 86 Fed. Reg. 3712 and asserts that "Because Appellant obtained a PPP loan in excess of the corporate limit and failed to withdraw or cancel the non-conforming loan, it is deemed to have used PPP funds for unauthorized purposes and ***the loan*** is not eligible for forgiveness." Dkt. 20.  Appellant acknowledges the content of the regulation but says SBA is assuming Appellant had knowledge that it exceeded the maximum loan amount, which Appellant did not.  Dkt. 18.  Appellant argues that 86 Fed Reg 3712 needs to be read in conjunction with 85 Fed. Reg. 33012 which "mandates" that the SBA should deny forgiveness of an ineligible loan "in whole or in part, as appropriate" and therefore, even if the borrower had some obligation to return the excess funds, the proper course is for SBA to forgiven the $936,963 – the part below the corporate maximum loan eligibility amount.  *Id.*

Considering Appellant's argument that 85 Fed. Reg. 33012 allows ineligible loan forgiveness "[in] part, as appropriate," the Merriam-Webster dictionary defines "appropriate" as "especially suitable or compatible." *See* <u>Appropriate Definition & Meaning - Merriam-Webster</u>. Appellant would have us read the language as *requiring* PPP loan forgiveness in this instance, but the language cannot be read that way.  It gives SBA discretion to allow forgiveness of the ineligible loan "as appropriate" or suitable or compatible with the CARES Act.  And, that exercise of discretion is for SBA to make, not the borrower.

Viewing the evidence using the test Appellant insists should apply - that SBA should deny forgiveness of an ineligible loan "in whole or in part, as appropriate" - requires consideration of what is "appropriate" consistent with the CARES Act.   In this regard, the primary reason stated in the Act for limiting the amount of PPP funds to any one corporation, was repeatedly stated as the need to preserve limited resources available to the PPP program in light of the high demand for PPP loans, to ensure broad access for eligible borrowers, and the desire that PPP loans go to the largest possible number of borrowers.  The question then is whether, based on the evidence, it was clear error on SBA's part to deny forgiveness of the $936,963 in PPP funds at issue in this case.

In determining whether it was "appropriate" to grant forgiveness of the $936,963, I considered the reasons Appellant gave for applying for and using $1,063,037 in PPP funds to which it was not entitled.  Appellant gave seemingly contradictory reasons for having exceeded the maximum PPP limit: it states:

"[w]e were not aware that the maximum 2nd draw PPP loans the companies could receive was $4 million," and,

 "the Borrower exceeded the corporate maximum by mistake, having lost track of the amounts of loans taken out across the various entities of the Borrower's corporate group."

 In the first reason, Appellant states it was not aware of the $4,000,000 limit that applied to all its entities, and in the other, it presumably was aware of the limit but made "a mistake" because they did not keep adequate track of the loans the corporation had already received.

I find it concerning that a corporation, seeking millions of dollars in funds from the public trust, would not inform itself of all requirements for eligibility for a PPP loan. Or, that the corporation would not responsibly keep track of the amounts of loans taken out by the various corporate entities. SBA implemented rules specifically for corporate groups and placed the onus squarely on the borrower to know and abide by those rules. It is the borrower's responsibility to know the loan requirements and ignorance of the requirements is no excuse. Appellant seems otherwise to be a sophisticated borrower and the claim that it was not aware of the $4,000,000 limit seems disingenuous, at best. The corporation had already received 4 First Draw loans and 3 Second Draw loans. As to each of these it had to certify on the PPP loan application that it met the eligibility requirement for the loan. Was the certification in each case not true? Appellant's claim that it was not aware of the maximum eligible amount suggests that it may have falsely certified to the contrary. Finally, to claim lack of knowledge of the eligibility requirement shows, at a minimum, an incredible lack of responsibility and good faith in applying for the PPP loans in question.

Similarly, the second reason advanced – that it "exceeded the corporate maximum *by mistake*, having lost track of the amounts of loans taken out across the various entities of the Borrower's corporate group"- suggests a high degree of negligence, carelessness, and lack of responsibility in record-keeping, especially again since Appellant certified on the initial loan application that it qualified for the $2,000,000 of PPP loan and again certified on the forgiveness application that it qualified for the full $2,000,000 in forgiveness. Both reasons suggest an attitude that is not consistent with the spirit of the CARES Act, which relies on the truthfulness and a degree of care expected by responsible borrowers to make the PPP loan program work. Appellant corporation received and retained $1,063,037 in PPP funds disbursed in March 2021 for nearly 18 months. As a result of Appellant's failure to act responsibly, that $1,063,037 was not available for other potential small business applicants to keep their businesses afloat, thwarting the intent of the PPP program to provide expeditious relief to as many small businesses as possible.

Accordingly, even assuming that "as appropriate" is the test that should be applied, as Appellant insists, I conclude that the evidence does not clearly show that it was "appropriate" for SBA to forgive the $936,963 Appellant received in this case. Based on the above arguments, I do not find that SBA's decision not to forgive the $936,963 in PPP loan was a clear error of law or fact.

As to Appellant argument that denying forgiveness of the entire loan leaves a possibility for absurd results wholly inconsistent with the purposes of the PPP program - I am not persuaded. Appellant outlines a scenario wherein a borrower receives a $2,000,000 PPP loan, exceeds the maximum by a mere $100, can be denied forgiveness of the full $2,000,000. Those are not the facts in this case, and I decline to further consider whether that scenario would yield a result contrary to the intent of the CARES Act. However, to counter that hypothetical, I pose another. SBA's concern is not limited to just this Appellant, but to all loan applicants. So, consider if all or many other corporate groups applied and received a PPP loan that substantially exceeded their maximum eligible loan amount and kept the excess funds for a lengthy period, then were able to obtain forgiveness of the eligible part simply by claiming lack of knowledge of the eligibility requirements, or, that they made a mistake because they were less than diligent in their record-keeping, as Appellant did. Untold millions of dollars would be unavailable to other

Docket No. 5886528506

deserving small businesses.  To allow partial payment would be akin to allowing *the borrowers* to change the maximum loan amount to suit their needs - a result that would be wholly inconsistent with the purpose of the PPP loan program, which was to help as many businesses as possible.   It would not appear "appropriate" to forgive the eligible loan under these circumstances.  To do so could undermine the effectiveness of the PPP loan program because the corporations would obtain and use many millions of dollars they improperly received while the PPP funding would not be available to other deserving small businesses.

Appellant's second argument relies upon SBA Procedural Notice. Control No. 5000-20078 which addresses PPP excess loan amount errors and states, "[i]f the lender or SBA, as applicable, determines a borrower was ineligible for any portion of its loan amount, forgiveness will be denied for the ineligible portion and the borrower must begin payment on the remaining loan amount." But the same Notice also specifies that "[a] borrower may not receive loan forgiveness for any amount that exceeds the correct maximum loan amount permitted by statute for that borrower." See the footnote to the Notice which states:

> "See, e.g., 85 Fed. Reg. 33012 ("[I]f SBA determines that the borrower is ineligible for the loan amount or loan forgiveness amount claimed by the borrower, SBA will direct the lender to deny the loan forgiveness application in whole or part, as appropriate." 85 Fed. Reg. 38306 ("If SBA determines in the course of its review that the borrower was ineligible for the PPP loan based on the provisions of the CARES Act, SBA rules or guidance available at the time of the borrower's loan application, or the terms of the borrower's PPP loan application … the loan will not be eligible for loan forgiveness."

Again, Appellant has taken language most favorable to it, to press for loan forgiveness of part of the loan it received.  Its arguments and reasons are not persuasive.  For the reasons discussed above, I conclude that Appellant has failed to establish that SBA made a clear error of law or fact in determining that the application for forgiveness should be denied in whole.

As asserted by SBA, and consistent with the regulations discussed infra, the PPP program allows lenders and SBA to rely on an applicant's representation and certifications concerning the applicant's compliance with the requirements of the program.  Because Appellant was not eligible for the amount of funds received, it was the responsibility of Appellant to withdraw or request cancellation of any pending PPP loan application or approved loan and to promptly return any funds which exceeded the corporate maximum eligibility amount.  Since Appellant did not seek to withdraw or cancel its loan application or return the excess funds it was not entitled to, it is deemed to have used PPP funds for unauthorized purposes and ***the loan*** in its entirety is not eligible for any forgiveness.

Thus, regardless of which test is applied, I conclude that Appellant has not shown that it is entitled to, or deserving of, forgiveness of the $936, 963 part of the PPP loan.

 Appellant has the burden of proving all elements of its appeal. Specifically, to prevail, the Appellant must prove that the Final SBA Loan Review Decision is based upon a clear error of fact or law. 13 C.F.R. §134.1210.  Appellant has not met this burden.  This appeal, seeking to overturn SBA's denial of Appellant's PPP loan forgiveness application, must be DENIED.

Page 11 of 12

## CONCLUSION OF LAW

The Appellant failed to establish the final SBA loan review decision was based on a clear error of fact or law. I **AFFIRM** the final SBA loan review decision. Appellant is not entitled to PPP loan forgiveness in any amount. This is an initial agency decision. Unless a request for reconsideration is filed pursuant to 13 C.F.R. § 134.1211(c), or the SBA Administrator elects to review this decision per 13 C.F.R. § 134.1211(d), this decision shall become the final decision of SBA 30 calendar days after it is served. 13 C.F.R.§ 134.1211(b). In accordance with the regulations, you may file a request for reconsideration within 10 calendar days after service of an initial decision under 13 C.F.R. § 134,1211(c)(1). During that time, you may file your petition in the appeals portal. A request for reconsideration must clearly show an error of fact or law material to the initial decision. 13 C.F.R. § 134.1211(c)(1). It is borrower's responsibility to review the rules and procedures.

## ORDER

For the reasons discussed above, the appeal is DENIED. The Appellant is not entitled to PPP loan forgiveness. The final SBA loan review decision is upheld. I direct SBA to process the loan forgiveness request in accordance with this decision.

*Constance T. O'Bryant*

CONSTANCE T. O'BRYANT

Administrative Law Judge