PHILIP R. SELLINGER
United States Attorney
MATTHEW J. MAILLOUX
Assistant United States Attorney
United States Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102
Tel.:   (973) 645-2837
Email: Matthew.Mailloux@usdoj.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CELEBRITY OF SPRINGFIELD, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*,<br><br>*Defendants.* | HON. WILLIAM J. MARTINI<br><br>Civ. No. 2:23-cv-01720(WJM)(CLW) |

**DEFENDANTS' RESPONSIVE MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR CROSS-MOTION FOR
SUMMARY JUDGMENT AND IN OPPOSITION TO
PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

                                                PHILIP R. SELLINGER
                                                UNITED STATES ATTORNEY
                                                *Attorney for Defendants*

MATTHEW J. MAILLOUX
Assistant United States Attorney

# **Table of Contents**

Preliminary Statement ................................................................................................................ 1

Argument – Plaintiff Fails to Demonstrate that the SBA Acted Arbitrarily and Capriciously When It Denied Plaintiff's Forgiveness Application for Plaintiff's Loan That Exceeded the Threshold .................................................................................................. 2

    I. In Seeking Forgiveness of Its Improper Loan, Plaintiff Attempts to Transform Permissive Statutory Language Into a Mandatory Directive ..................................... 2

    II. Plaintiff Misconstrues the Supreme Court's *Loper Bright* Decision ...................... 5

    III. Plaintiff Fails to Properly Consider that PPP Loans Fall within SBA's Existing § 7(a) Loan Program and the Overall Purpose of PPP Loans ....................... 7

Conclusion ................................................................................................................................ 9

# **Table of Authorities**

### *Cases*

*Loper Bright Enters. v. Raimondo,*
   ___ U.S. ___, 144 S. Ct. 2244 (2024) ....................................................................5, 6, 7

*Schaffner v. Monsanto Corp.,*
   113 F.4th 364 (3d Cir. 2024) ...................................................................................... 5

*Skidmore v. Swift & Co.,*
   323 U.S. 134 (1944) .................................................................................................... 6

*Springfield Hosp., Inc. v. Guzman,*
   28 F.4th 403 (2d Cir. 2022) ........................................................................................ 8

*Wayman v. Southard,*
   23 U.S. (10 Wheat.) 1 (1825) ..................................................................................... 5

### *Statutes*

15 U.S.C. § 636(a) ............................................................................................................ 5

15 U.S.C. § 9012 .............................................................................................................. 6

### *Regulations*

85 Fed. Reg. 26,324 .................................................................................................... 2, 8

85 Fed. Reg. 33,012 ........................................................................................................ 4

85 Fed. Reg. 26,325 ........................................................................................................ 6

## PRELIMINARY STATEMENT

The Court should grant the cross-motion for summary judgment filed by Defendants the United States Small Business Administration and Isabel Guzman, in her official capacity as Administrator of the SBA, and deny the cross-motion filed by Plaintiff Celebrity of Springfield, LLC ("Celebrity"). Here, as explained in Defendants' opening memorandum of law, the SBA did not act arbitrarily and capriciously when it denied Plaintiff's application for forgiveness of a Paycheck Protection Program ("PPP") loan for which it was ineligible because the loan exceeded the $4 million threshold for PPP second draw loans by a corporate group.

As set out more fully below, Plaintiff's cross-motion is unpersuasive for three reasons. First, Plaintiff attempts to convert permissive statutory language into a mandatory directive upon the SBA.

Second, Plaintiff misconstrues the Supreme Court's *Loper Bright* decision, which concerns a court's role when reviewing agency determinations under the Administrative Procedure Act.

Third, Plaintiff fails to consider the Paycheck Protection Program loan program within the statutory framework of the SBA's pre-existing authorities under Section 7(a) of the Small Business Act and the plain language of the PPP loan's statutory scheme.

Accordingly, the Court should enter summary judgment in Defendants' favor, deny Plaintiff's motion for summary judgment, and dismiss Plaintiff's complaint in its entirety.

# ARGUMENT

## Plaintiff Fails to Demonstrate that the SBA Acted Arbitrarily and Capriciously When It Denied Plaintiff's Forgiveness Application for Plaintiff's Loan That Exceeded the Threshold

Plaintiff cannot meet its burden to demonstrate that the SBA acted arbitrarily and capriciously by denying forgiveness of Plaintiff's PPP second draw loan that exceeded the threshold. The parties agree that Plaintiff's loan exceeded the threshold but disagree whether the CARES Act required the SBA to forgive the portion of Plaintiff's loan that would have come under the $4 million threshold, had Plaintiff made a permissible loan application. As a backdrop, SBA "determined that limiting the amount of PPP loans that a single corporate group may receive [would] promote the availability of PPP loans to the largest possible number of borrowers, consistent with the CARES Act." Business Loan Program Temporary Changes; Paycheck Protection Program—Requirements—Corporate Groups and Non-Bank and Non-Insured Depository Institution Lenders, 85 Fed. Reg. 26,324 (May 4, 2020). The Rule advised borrowers that loans received in disregard of its terms "will not be eligible for forgiveness." *Id.* Accordingly, the SBA denied Plaintiff's forgiveness application for the entirety of a loan that exceeded the applicable threshold. Here, Plaintiff misinterprets the applicable statutory language, misconstrues a recent Supreme Court decision, and ignores the overall statutory framework to support its argument.

I. In Seeking Forgiveness of Its Improper Loan, Plaintiff Attempts to Transform Permissive Statutory Language Into a Mandatory Directive

The parties largely agree on the operative facts and applicable statutory framework. As discussed more fully in Defendants' opening brief, Plaintiff was part

2

of a corporate group. Defendants' Memorandum of Law ("Def. Mem."), Dkt. No. 24 at 11-15, PageID: 99-103; *see also* Plaintiff's Memorandum of Law ("Pl. Mem."), Dkt. No. 23 at 4-5, PageID: 72-73. Under the PPP, Plaintiff and the entities in its corporate group were collectively subject to a $4 million limit of PPP second draw loans. *Id*. Plaintiff and other members of its corporate group applied for four total PPP second draw loans. *Id*. On March 2, 2021, Plaintiff applied for a $2 million PPP second draw loan with a 1% interest rate and 5-year repayment term. Administrative Record, Dkt. No. 27-1, CelebAR000051-57.

When Plaintiff applied for its $2 million loan, however, members of the corporate group had already sought three prior loans and received $3,063,037 in PPP second draw loans. Def. Mem., Dkt. No. 24 at 11-15, PageID: 99-103; Pl. Mem., Dkt. No. 23 at 4-5, PageID: 72-73. Accordingly, the Plaintiff's loan exceeded the $4 million threshold. *Id*. Plaintiff sought forgiveness of the entirety of its $2 million loan, which SBA denied. *Id*. Plaintiff contends that SBA should have forgiven the portion of its $2 million loan that would have remained below the $4 million threshold in its initial application. *Id*.

Plaintiff focuses its argument by mis-interpreting an answer SBA provided in the PPP's applicable regulation. Plaint. Mem. at 9-10, PageID: 77-78. Specifically, when asked "[i]f SBA determines that a borrower is ineligible for a PPP loan, can the loan be forgiven?":

> [i]f SBA determines that the borrower is ineligible for the loan amount or loan forgiveness amount claimed by the borrower, SBA

3

> will direct the lender to deny the loan forgiveness application in whole or in part, as appropriate.

85 Fed. Reg. 33012.

Plaintiff suggests that the language, "deny the loan forgiveness application in whole or in part, as appropriate," means that SBA must deny forgiveness only to that ineligible portion of the loan application. *See* Plaint. Mem., Dkt. No. 23 at 9-10, PageID: 77-78. As discussed in the Defendants' opening brief, the language "as appropriate" does not require SBA to allow partial forgiveness of an impermissible loan. Def. Mem., Dkt. No. 24 at 19-20, PageID: 107-08. Instead, the language "as appropriate" confers discretion on SBA to determine the instances where a PPP loan should be forgiven.

Plaintiff's argument that language on the loan documents advising the borrower that SBA will deny forgiveness for ineligible portions of a loan is also inapposite. *See* Plaint. Mem., Dkt. No. 23 at 10, PageID: 78. This language suggests that instances may occur in which SBA allows forgiveness in amounts less than the amount requested but does not require SBA to forgive the total less any ineligible portion. Additionally, as recognized by the administrative law judge, the facts here do not warrant partial forgiveness because Plaintiff was not eligible for its loan when it made the $2 million second draw request and did not subsequently advise its lender or SBA of its ineligibility. Nothing in the statutory language suggests that SBA must forgive a portion of an impermissible loan.

4

## II. Plaintiff Misconstrues the Supreme Court's *Loper Bright* Decision

The Supreme Court's *Loper Bright* decision does not affect this Court's analysis concerning SBA's decision to deny forgiveness for Plaintiff's loan application that exceeded the applicable threshold. The Supreme Court held that "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority." *Loper Bright Enters. v. Raimondo*, ___ U.S. ___, 144 S. Ct. 2244, 2273 (2024). The Third Circuit recognizes that, "while courts alone must ascertain a statute's meaning, 'the statute's meaning may well be that the agency is authorized to exercise a degree of discretion.'" *Schaffner v. Monsanto Corp.*, 113 F.4th 364, n.9 (3d Cir. 2024) (citing *Loper Bright*, 144 S. Ct. at 2263). The Third Circuit added "one way for statutes to express that meaning is when they 'empower an agency to prescribe rules to 'fill up the details' of a statutory scheme.'" *Id.* (quoting *Wayman v. Southard*, 23 U.S. (10 Wheat.) 1, 43 (1825)).

Plaintiff misconstrues the *Loper Bright* decision by suggesting that this Court must conduct a review that ignores SBA's statutory mandate, and the PPP loan program as a whole, to mandate forgiveness of a portion of its improper loan. *See* Pl. Mem. at 6-7, PageID: 74-75. As discussed in Defendants' opening brief, when Congress enacted the PPP, it tasked the SBA with guaranteeing the loans made by private lenders, under section 7(a) of the longstanding Small Business Act. *See* 15 U.S.C. § 636(a); *See* Def. Mem. at 2-11, PageID: 8-17 (providing the SBA's statutory and legal framework, including framework for PPP loans). Congress expressly authorized SBA to make rules to implement the PPP, subject to SBA's pre-existing

5

rulemaking authorities under section 7(a), and provided SBA with ample rulemaking authority under 15 U.S.C. § 9012 (conferring emergency rulemaking authority on the SBA).

Although *Loper Bright* overruled *Chevron*, the Supreme Court reaffirmed that agencies may be "authorized to exercise a degree of discretion" when implementing statutes subject to court review. *Loper Bright*, 144 S. Ct. 2263. The Court recognized that "courts may . . . seek aid from the interpretations" of the agency, which "'constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance' consistent with the" APA. *Id.* (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)). While a reviewing court "must exercise independent judgment in determining the meaning of statutory provisions," agencies "responsible implementing particular statutes"—such as SBA for the regulations at issue here—can provide aid in determining the proper interpretation. *Loper Bright*, 144 S. Ct. at 2262-63.

Here, the PPP loan program statutes authorize SBA to deny forgiveness in its entirety for Plaintiff's PPP second draw loan application that exceeded the threshold, and there is no ambiguity. To the extent the Court perceives any ambiguity in the applicable statutes, the SBA's congressionally-authorized mandate of "preserv[ing] the limited resources available to the PPP . . . in light of the previous lapse of PPP appropriations and the high demand for PPP loans[.]" 85 Fed. Reg. 26,325 (May 4, 2020). Accordingly, the *Loper Bright* decision does not affect that the SBA properly

6

denied the entirety of Plaintiff's forgiveness application of its unauthorized PPP second draw loan.

### III. Plaintiff Fails to Properly Consider that PPP Loans Fall within SBA's Existing § 7(a) Loan Program and the Overall Purpose of PPP Loans

To the extent the Court perceives any ambiguity in the PPP loan statutory framework, the Court still should affirm the SBA's determination to deny forgiveness for Plaintiff's improper loan. As discussed, *see supra* section II, the Supreme Court recognizes that "courts may . . . seek aid from the interpretations" of the agency, which "'constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance' consistent with the" APA. *Loper Bright*, 144 S. Ct. 2263. *Id*. Here, Congress explicitly tasked SBA with allocate a congressionally-limited pool of funds to address economic concerns associated with the COVID-19 pandemic.[1] And as the Supreme Court recognizes, "one way for statutes to express that meaning is when they 'empower an agency to prescribe rules to 'fill up the details' of a statutory scheme.'" *Id*. (quotations and citations omitted).

As discussed in Defendants' opening brief, the PPP program put the onus on borrowers—and not the SBA—to ensure compliance with its provisions. *See* Def. Mem. at 20-24, PageID: 108-12. Plaintiff now attempts to flip that responsibility, even though Plaintiff was in the best position to know how much it received in PPP

---

[1] Indeed, the limited nature of the PPP loan funds is evidenced by the speed with which the funds were exhausted after the initial application period, and the second draw period at issue here. *See* Def. Mem. at 4, PageID: 92; *see also*: SBA COVID-19 Economic Injury Disaster Loan website, http://sba.gov/eidl (last visited: December 10, 2024) (evidencing closure of COVID-19 EIDL program).

7

second draw loan funds. Plaintiff's argument completely ignores that that the PPP is "a loan guaranty program, not a grant program." *Springfield Hosp., Inc. v. Guzman*, 28 F.4th 403, 423 (2d Cir. 2022). Given the limited resources of the SBA, and the statute's purpose of providing loans to the maximum number of eligible borrowers, SBA's determination to deny forgiveness to Plaintiff's loan is consistent with the statutory scheme and should be upheld. *See* Business Loan Program Temporary Changes; Paycheck Protection Program—Requirements—Corporate Groups and Non-Bank and Non-Insured Depository Institution Lenders, 85 Fed. Reg. 26,324 (May 4, 2020) (providing SBA "determined that limiting the amount of PPP loans that a single corporate group may receive [would] promote the availability of PPP loans to the largest possible number of borrowers, consistent with the CARES Act.").

Plaintiff's hypothetical—concerning the availability of partial forgiveness based on the relative portion of the loan that exceeds the threshold—misses the issue. *See* Pl. Mem., Dkt. No. 23 at 8-9, PageID: 76-77. The parties agree that the PPP second draw loan program did not allow Plaintiff's $2 million loan application because it exceeded the applicable threshold. The applicable rules advised borrowers that loans disregarding the applicable terms "will not be eligible for forgiveness." 85 Fed. Reg. 26,324. The SBA correctly used a brightline rule and determined that an improper loan was not eligible for forgiveness, in whole or in part.

Plaintiff also improperly suggests that its use of the loan proceeds would affect a forgiveness determination. *See* Plaint. Mem., Dkt. No. 23 at 7-8, PageID: 75-76. The issue in this lawsuit concerns Plaintiff's application for a PPP second draw loan—to

8

which the parties agree Plaintiff was ineligible because the loan exceeded the corporate group threshold. SBA's determination with respect to loan forgiveness is based on a borrower's ability to comply with the program's requirements when a borrower applies for a loan, not whether the loan's proceeds were then used in accordance with the program's purpose. Simply put, improperly taking out a loan to use that loan for its intended purpose does not absolve Plaintiff of its responsibility to ensure that the loan satisfied the program's requirements at the outset. Also, by denying Plaintiff forgiveness, SBA allocated congressionally-limited funds to an entity that properly applied for PPP second draw loans, meaning the funds advanced the PPP's purpose. Accordingly, Plaintiff's arguments concerning partial forgiveness do not demonstrate that the SBA acted arbitrarily and capriciously when it denied Plaintiff's forgiveness application.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion for Summary Judgment, deny Plaintiff's Motion for Summary Judgment, dismiss Plaintiff's complaint, and grant such other relief as is warranted.

Respectfully Submitted,

Dated: Newark, New Jersey
December 10, 2024

PHILIP R. SELLINGER
United States Attorney

By: */s/ Matthew J. Mailloux*
MATTHEW J. MAILLOUX
Assistant United States Attorney
*Attorneys for Defendants*

9