

January 10, 2025

**Thomas A. Gentile, Esq.**
973.735.5785 (direct)
thomas.gentile@wilsonelser.com

**VIA ELECTRONIC FILING**

The Hon. William J. Martini, U.S.D.J.
United States District Court, D.N.J.
Martin Luther King Bldg. & U.S. Courthouse
50 Walnut Street Room 4015
Newark, New Jersey 07101

   Re:       *Celebrity of Springfield, LLC v. U.S. Small Business Administration*,
               No. 2:23-cv-01720 (WJM) (CLW)

Dear Judge Martini:

       The undersigned counsel represents Plaintiff Celebrity of Springfield, LLC ("Celebrity") in the above-referenced civil action. As Your Honor anticipated, the first two rounds of briefing on the pending cross-motions for summary judgment have thoroughly developed the issues that Your Honor is to decide on those cross-motions. As such, and in the interest of brevity, Celebrity respectfully submits this short letter memorandum, *in lieu* of a more formal reply brief, in reply to the Defendants' Responsive Memorandum of Law ("Responsive Brief") of December 10, 2024.

       All of the arguments that the Defendants have set forth in their Responsive Brief are already fully addressed in the papers that Celebrity has previously submitted in support of its own motion for summary judgment and in opposition to the Defendants' motion for summary judgment.

       In reply, Celebrity says only the following.

       The Defendants argue that "[a]lthough *Loper Bright* overruled *Chevron*, the Supreme Court reaffirmed that agencies may be 'authorized to exercise a degree of discretion' when implementing statutes subject to court review." ECF Doc. 39 at 6, citing *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244, 2263 (2024). The Defendants completely miss the point that this particular case in no way implicates an agency's "body of experience and informed judgment to which courts and litigants may properly resort for guidance" under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 *et seq*., which is the scenario for which *Loper Bright* envisions such allowable agency discretion. *Id*. Much to the contrary, this case presents novel questions of first impression under the CARES Act, Pub. L. No. 116-136, (2020), a very recent statute enacted to

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Beaumont, TX | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO
Detroit, MI | Edwardsville, IL | Garden City, NY | Hartford, CT | Houston, TX | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA | Louisville, KY
Madison, NJ | McLean, VA | Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orlando, FL | Philadelphia, PA | Phoenix, AZ
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Washington, DC | West Palm Beach, FL | White Plains, NY

**WILSON ELSER**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

address an unprecedented pandemic. Concerning these novel issues, the Small Business Administration ("SBA") possesses no body of experience whatsoever to which this Court (or any court) might give deference, simply because the SBA (just like anyone else) has never before decided any of these questions of first impression.

Furthermore, this is not a case that turns on an agency's "informed judgement" grounded in its expertise in a technical field, such as the environmental impact of chemical pollutants. *See* ECF Doc. 38 at n.4, distinguishing *Keystone-Conemaugh Projects LLC v. U.S. EPA*, 100 F.4th 434 (3d Cir. 2024). Rather, this case will turn solely on how this Court interprets words in the CARES Act and that statute's implementing regulations. That is exactly what courts do every day, be it under the APA or otherwise. That courts, rather than administrative agencies, should decide such quintessentially *legal* questions of statutory and/or regulatory interpretation is the whole point of *Loper Bright*. In Chief Justice Roberts' words, if "the field … is legal interpretation, that has been 'emphatically, the province and duty of the judicial department' for at least 221 years." *Loper Bright*, 144 S. Ct. at 2273, quoting *Marbury v. Madison*, 1 Cranch 137, 177 (1803).

Celebrity thanks the Court for the opportunity to submit this reply letter memorandum.

Respectfully submitted,

/s/ *Thomas A. Gentile*

Thomas A. Gentile
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

cc:    All counsel of record (via electronic filing)