VIKAS KHANNA
Acting United States Attorney
MATTHEW J. MAILLOUX
Assistant United States Attorney
United States Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102
Tel.:  (973) 645-2837
Email: Matthew.Mailloux@usdoj.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CELEBRITY OF SPRINGFIELD, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*,<br><br>*Defendants*. | HON. WILLIAM J. MARTINI<br><br>Civ. No. 2:23-cv-01720(WJM)(CLW) |

**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR CROSS-MOTION FOR
SUMMARY JUDGMENT AND IN OPPOSITION TO
PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

VIKAS KHANNA
ACTING UNITED STATES ATTORNEY
*Attorney for Defendants*

MATTHEW J. MAILLOUX
Assistant United States Attorney

# Table of Contents

**PRELIMINARY STATEMENT**......................................................................................... 1

**ARGUMENT**...................................................................................................................... 2

**Plaintiff Does Not Demonstrate that the SBA Acted Arbitrarily and Capriciously by Denying the Entirety of Plaintiff's Forgiveness Application for Its Impermissible Loan**............................................................................................ 2

    I.    Plaintiff Misconstrues the Administrative Law Judge's Determination with Respect to Plaintiff's Impermissible Loan Application ................................................. 2

    II.    The Statutory Framework Does Not Include Mandatory Language, Despite Plaintiff's Assertions ..................................................................................................... 4

    III.    Plaintiff Again Misconstrues the Supreme Court's *Loper Bright* Decision ........ 5

**CONCLUSION** .................................................................................................................. 9

# **Table of Authorities**

## *Cases*

*Loper Bright Enters. v. Raimondo*,
  ___ U.S. ___, 144 S. Ct. 2244 (2024) ....................................................................... 6, 7

*Schaffner v. Monsanto Corp.*,
  113 F.4th 364 (3d Cir. 2024) ....................................................................................... 6

*Skidmore v. Swift & Co.*,
  323 U.S. 134 (1944) ..................................................................................................... 7

*Springfield Hosp., Inc. v. Guzman*,
  28 F.4th 403 (2d Cir. 2022) ......................................................................................... 8

*Wayman v. Southard*,
  23 U.S. (10 Wheat.) 1 (1825) ...................................................................................... 6

## *Statutes*

15 U.S.C. § 636(a) ............................................................................................................. 6

15 U.S.C. § 9012 ................................................................................................................ 7

## *Regulations*

85 Fed. Reg. 26,324 (May 4, 2020) ............................................................................... 2, 8

85 Fed. Reg. 26,325 (May 4, 2020) .................................................................................. 7

85 Fed. Reg. 33012 ............................................................................................................ 5

## PRELIMINARY STATEMENT

The Court should grant the cross-motion for summary judgment filed by Defendants the United States Small Business Administration and Isabel Guzman, in her official capacity as Administrator of the SBA, and deny the cross-motion filed by Plaintiff Celebrity of Springfield, LLC ("Celebrity"). Again, as explained in Defendants' opening memorandum of law and responsive memorandum of law in support, the SBA did not act arbitrarily and capriciously when it denied Plaintiff's application for forgiveness of a Paycheck Protection Program ("PPP") loan.

The parties agree that Celebrity's PPP second draw loan exceeded the $4 million threshold for a corporate group. Plaintiff now seeks forgiveness for that portion of its loan that would have been allowable, had Plaintiff actually applied for a permissible loan. Plaintiff's three arguments in response do not demonstrate the SBA acted arbitrarily and capriciously when it declined to forgive any portion of Plaintiff's loan.

First, this Court does not need to determine whether Plaintiff acted in bad faith by taking out an impermissible loan.

Second, Plaintiff misreads the statutory framework in its attempt to convert permissive statutory language into a mandatory directive upon the SBA.

Third, Plaintiff misconstrues the effect of the changing *Chevron* landscape.

Accordingly, the Court should enter summary judgment in Defendants' favor, deny Plaintiff's motion for summary judgment, and dismiss Plaintiff's complaint in its entirety.

# ARGUMENT

## Plaintiff Does Not Demonstrate that the SBA Acted Arbitrarily and Capriciously by Denying the Entirety of Plaintiff's Forgiveness Application for Its Impermissible Loan

Plaintiff's opening memorandum of law and responsive pleading confirm that Plaintiff cannot meet its burden to demonstrate that the SBA acted arbitrarily and capriciously when it denied Plaintiff's request to forgive its PPP second draw loan that exceeded the threshold. The parties agree that Plaintiff's loan exceeded the threshold but disagree whether the CARES Act *required* the SBA to forgive the portion of Plaintiff's loan that would have come under the $4 million threshold, had Plaintiff properly applied for a permissible loan. Again, Plaintiff knew or should have known that loans received in disregard of the CARES Act's terms "will not be eligible for forgiveness." Business Loan Program Temporary Changes; Paycheck Protection Program—Requirements—Corporate Groups and Non-Bank and Non-Insured Depository Institution Lenders, 85 Fed. Reg. 26,324 (May 4, 2020). Despite this, Plaintiff now asserts that the applicable regulations required SBA to forgive the portion of its loan that could have come within the threshold, had Plaintiff made a proper application. None of arguments raised by Plaintiff support such a position.

    I.    Plaintiff Misconstrues the Administrative Law Judge's Determination with Respect to Plaintiff's Impermissible Loan Application

Plaintiff argues that the SBA inappropriately determined that Plaintiff acted in bad faith when submitting its loan application and that this determination impacted the forgiveness analysis. *See* Plaintiff's Responsive Memorandum of Law ("Plaint. Resp."), Dkt. No. 38 at 3-5, PageID: 4456-58. This is misleading and provides

no basis for the Court to conclude that the SBA acted arbitrarily and capricious when it denied the Plaintiff's loan forgiveness application.

Plaintiff first raised this issue in its appeal to the SBA's Office of Hearings and Appeals by suggesting Plaintiff made a good faith mistake and was either "not aware" of the maximum amount or exceeded that amount "by mistake, having lost track of the amounts of loans taken out[.]" CelebAR004316; *see also* Defs. Mem. at 13-14, Dkt. No. 24 at 19-20, PageID: 101-02. Analyzing this assertion, the administrative law judge noted in her decision that:

> I find it concerning that a corporation, seeking millions of dollars in funds from the public trust, would not inform itself of all requirements for eligibility for a PPP loan. Or, that the corporation would not responsibly keep track of the amounts of loans taken out by the various corporate entities.

CelebAR004317.

The administrative law judge recognized that, "SBA implemented rules specifically for corporate groups and placed the onus squarely on the borrower to know and abide by those rules." *Id*. She reasoned that "[i]t is the borrower's responsibility to know the loan requirements and ignorance of the requirements is no excuse." *Id*. Recognizing Plaintiff "had already received 4 First Draw loans and 3 Second Draw loans," and that it had to certify compliance with the requirements for each of the loans, the administrative law judge questioned the candor of Plaintiff's previous certifications. *Id*. The administrative law judge found, "to claim lack of knowledge of the eligibility requirement shows, at a minimum, an incredible lack of responsibility and good faith in applying for the PPP loans in question." *Id*.

3

With this backdrop, the administrative law judge references Plaintiff's assertion about "good faith." The decision recognizes that the onus of ensuring compliance rests with the borrower, and here, Plaintiff did not modify its loan request—or identify any issue with its loan that exceeded the threshold—until the SBA denied Plaintiff's forgiveness application. Plaintiff seemingly attempts to create a dispute with respect to Plaintiff's state of mind when it applied for a loan for which it was ineligible. To the extent that "the SBA's final decision impugns Celebrity with insinuations of bad faith," that does not impact that the SBA did not act arbitrarily and capriciously by denying Plaintiff's forgiveness application. Instead, the record reflects that the SBA rested its decision on the statutory framework as a whole with respect to Plaintiff's impermissible loan, rather than Plaintiff's state of mind.

### II. The Statutory Framework Does Not Include Mandatory Language, Despite Plaintiff's Assertions

The parties largely agree on the operative facts and applicable statutory framework, which is set out in Defendants' opening brief and Defendants' responsive brief. Defendants' Memorandum of Law ("Def. Mem."), Dkt. No. 24 at 11-15, PageID: 99-103; *see also* Defendants' Responsive Memorandum of Law ("Def. Resp."), Dkt. No. 39 at 3, PageID: 4468.

Plaintiff continues to focus its argument on a misinterpretation of an answer SBA provided in the PPP's applicable regulation. Plaint. Mem. at 9-10, PageID: 77-

4

78. Specifically, when asked "[i]f SBA determines that a borrower is ineligible for a PPP loan, can the loan be forgiven?":

> [i]f SBA determines that the borrower is ineligible for the loan amount or loan forgiveness amount claimed by the borrower, SBA will direct the lender to deny the loan forgiveness application in whole or in part, as appropriate.

85 Fed. Reg. 33012.

Plaintiff suggests that this phrase—"deny the loan forgiveness application in whole or in part, as appropriate"—compels the SBA to only deny forgiveness for the ineligible portion of the loan application (*i.e.*, the amount over the maximum), and compel the SBA to forgive the maximum loan amount possible. *See* Plaint. Mem., Dkt. No. 23 at 9-10, PageID: 77-78; Plaint. Resp., Dkt. No. 38, Page 8. As discussed in the Defendants' opening brief, and again in its responsive memorandum, the language "as appropriate" does not require SBA to allow partial forgiveness of an impermissible loan. Def. Mem., Dkt. No. 24 at 19-20, PageID: 107-08. Instead, the language "as appropriate" grants the SBA discretion to determine the instances where it should forgive a PPP loan.

Nothing in the statutory language suggests that SBA must forgive a portion of an impermissible loan, and the SBA's decision must be affirmed.

   III. <u>Plaintiff Again Misconstrues the Supreme Court's *Loper Bright* Decision</u>

The Supreme Court's *Loper Bright* decision does not invalidate the arbitrary and capricious standard of the APA, despite Plaintiff's assertions. Plaint. Resp. at 11-12, Dkt. No. 38, PageID: 4461-62. Here, there is no ambiguity with respect to the statutory framework, and if the Court perceives any ambiguity, the SBA's loan

5

program as a whole confirms the SBA was not arbitrary and capricious when it denied Plaintiff's forgiveness application.

As already explained in the SBA's moving brief, the Supreme Court held that "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority." *Loper Bright Enters. v. Raimondo*, ___ U.S. ___, 144 S. Ct. 2244, 2273 (2024). Since *Loper Bright*, the Third Circuit has recognized that, "while courts alone must ascertain a statute's meaning, 'the statute's meaning may well be that the agency is authorized to exercise a degree of discretion.'" *Schaffner v. Monsanto Corp.*, 113 F.4th 364, n.9 (3d Cir. 2024) (citing *Loper Bright*, 144 S. Ct. at 2263). The Third Circuit added that "one way for statutes to express that meaning is when they 'empower an agency to prescribe rules to 'fill up the details' of a statutory scheme.'" *Id.* (quoting *Wayman v. Southard*, 23 U.S. (10 Wheat.) 1, 43 (1825)).

As discussed in Defendants' opening brief, when Congress enacted the PPP, it tasked the SBA with guaranteeing the loans made by private lenders, under section 7(a) of the longstanding Small Business Act. *See* 15 U.S.C. § 636(a); *See* Def. Mem. at 2-11, PageID: 8-17 (providing the SBA's statutory and legal framework, including framework for PPP loans). Congress expressly authorized SBA to make rules to implement the PPP, subject to SBA's pre-existing rulemaking authorities under

6

section 7(a), and provided SBA with ample rulemaking authority under 15 U.S.C. § 9012 (conferring emergency rulemaking authority on the SBA).

Moreover, despite Plaintiff's suggestion that "this Court is no longer obligated to show any deference to the SBA's . . . decision" (Dkt. No. 38 at 4, PageID: 4454), the Supreme Court reaffirmed in *Loper Bright* that agencies may be "authorized to exercise a degree of discretion" when implementing statutes subject to court review. *Loper Bright*, 144 S. Ct. 2263. The Court also recognized that "courts may . . . seek aid from the interpretations" of the agency, which "'constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance' consistent with the" APA. *Id.* (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)). While a reviewing court "must exercise independent judgment in determining the meaning of statutory provisions," agencies "responsible implementing particular statutes"—such as SBA for the regulations at issue here—can provide aid in determining the proper interpretation. *Loper Bright*, 144 S. Ct. at 2262-63.

To the extent the Court perceives any ambiguity in the applicable statutes, the Court should affirm the SBA's decision, which advances SBA's congressionally-authorized mandate of "preserv[ing] the limited resources available to the PPP . . . in light of the previous lapse of PPP appropriations and the high demand for PPP loans[.]" 85 Fed. Reg. 26,325 (May 4, 2020). Here, the PPP loan program statutes and SBA's Rule authorize SBA to deny Plaintiff's loan forgiveness application because its

7

second draw loan exceeded the threshold for second draw loans, and there is no ambiguity.

As discussed in Defendants' opening brief, responsive memorandum, and above in Section I, the PPP program put the onus on borrowers—and not the SBA—to ensure compliance with its provisions. *See* Def. Mem. at 20-24, PageID: 108-12. Plaintiff now attempts to flip that responsibility, even though Plaintiff was in the best position to know how much it received in PPP second draw loan funds. Plaintiff's argument completely ignores that that the PPP is "a loan guaranty program, not a grant program." *Springfield Hosp., Inc. v. Guzman*, 28 F.4th 403, 423 (2d Cir. 2022). Given the limited resources of the SBA, and the statute's purpose of providing loans to the maximum number of eligible borrowers, SBA's determination to deny forgiveness to Plaintiff's loan is consistent with the statutory scheme and should be upheld. *See* Business Loan Program Temporary Changes; Paycheck Protection Program—Requirements—Corporate Groups and Non-Bank and Non-Insured Depository Institution Lenders, 85 Fed. Reg. 26,324 (May 4, 2020) (providing SBA "determined that limiting the amount of PPP loans that a single corporate group may receive [would] promote the availability of PPP loans to the largest possible number of borrowers, consistent with the CARES Act.").

Again, the parties agree that the PPP second draw loan program did not allow Plaintiff's $2 million loan application because it exceeded the applicable threshold. The applicable rules advised borrowers that loans disregarding the applicable terms "will not be eligible for forgiveness." 85 Fed. Reg. 26,324. The SBA correctly used a

8

brightline rule and determined that an improper loan was not eligible for forgiveness, in whole or in part.

Accordingly, Plaintiff's arguments concerning partial forgiveness do not demonstrate that the SBA acted arbitrarily and capriciously when it denied Plaintiff's forgiveness application.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Defendants' Motion for Summary Judgment, deny Plaintiff's Motion for Summary Judgment, dismiss Plaintiff's complaint, and grant such other relief as is warranted.

Respectfully Submitted,

Dated: Newark, New Jersey
January 10, 2025

VIKAS KHANNA
Acting United States Attorney

By: */s/ Matthew J. Mailloux*
MATTHEW J. MAILLOUX
Assistant United States Attorney
*Attorneys for Defendants*

9