## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CELEBRITY OF SPRINGFIELD, LLC,** | |
| **Plaintiff,** | Civ. No. 2:23-cv-01720-WJM-CLW |
| **v.** | |
| **UNITED STATES SMALL BUSINESS ADMINISTRATION, et al.** | **OPINION** |
| **Defendants.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

The CARES Act established the Paycheck Protection Program ("PPP"), implemented by the United States Small Business Administration ("SBA"), to distribute loans to eligible businesses during the COVID-19 pandemic. Plaintiff Celebrity of Springfield, LLC, a luxury automobile dealer, applied for and obtained a PPP loan, but the SBA subsequently denied Plaintiff's request for loan forgiveness. After an unsuccessful administrative appeal, Plaintiff filed this action against the SBA and Isabel Guzman in her official capacity as agency administrator (collectively, "Defendants")[1] challenging the final decision. Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 23 & 24. For the reasons set forth below, Plaintiff's motion for summary judgment is **DENIED**, and Defendants' motion for summary judgment is **GRANTED**.

### I.    BACKGROUND[2]

This Administrative Procedure Act ("APA") case involves the CARES Act, which expanded the SBA's lending authority and established a new loan program to help keep small businesses afloat during the coronavirus pandemic. With this authority, the SBA adopted a series of interim final rules implementing the PPP. Central to this dispute is the "Corporate Group Rule," which the SBA first published in May 2020. *See* Interim Final Rule, Business Loan Program Temporary Changes; Paycheck Protection Program—

---

[1] Current SBA administrator Kelly Loeffler is substituted for Ms. Guzman as a party. Fed. R. Civ. P. 25(d).

[2] The Court uses the following abbreviations for documents in the record: **"Pl. Mot."** – Plaintiff's Memorandum of Law in Support of Its Motion for Summary Judgment (ECF No. 23); **"Defs. Mot."** – Defendants' Memorandum of Law in Support of Their Cross-Motion for Summary Judgment and in Opposition to Plaintiff's Cross-Motion for Summary Judgment (ECF No. 24); **"SBA Decis."** – SBA's September 2022 Final Loan Review Decision (ECF No. 33-2, pp. 24-25); **"OHA Decis."** – SBA's Office of Hearings and Appeals' February 2023 Final Loan Review Decision (ECF No. 33-2, pp. 61-72).

Requirements—Corporate Groups and Non-Bank and Non-Insured Depository Institution Lenders, 85 Fed. Reg. 26324, 26324–25 (May 4, 2020). The Corporate Group Rule limited the amount of PPP loans that a business group could receive in order "[t]o preserve the limited resources available to the PPP program." *Id.* at 26325. At issue here is the revised Corporate Group Rule, in which entities part of a single corporate group (like Plaintiff) were capped at a total of $4 million in aggregate PPP loan amounts. *See* 86 Fed. Reg. 3716, 3720. In other words, related businesses under the same parent ownership were barred from collectively receiving more than $4 million in second-draw PPP loans. *Id.*

Plaintiff is a New Jersey company that sells and leases luxury cars. Pl. Mot 4; Defs. Mot. 11. It is one part of a corporate group of five entities owned and operated by Thomas Maoli ("Celebrity Corporate Group"). SBA Decis. 1. After Congress expanded the PPP, four members of the Celebrity Corporate Group applied for and received second-draw PPP loans. *Id.* at 2; Defs. Mot 12. These entities should have been limited to receiving loans in an aggregate amount of $4 million. *See* 86 Fed. Reg. at 3720. But when Plaintiff sought and obtained a loan of $2 million through its lender, the Celebrity Corporate Group had already received $3,063,037 in second-draw loans. Pl. Mot. 4. In other words, Plaintiff's loan of $2 million put the group $1,063,037 over the SBA's $4 million maximum. *See id.*; Defs. Mot. 12. The parties do not dispute that the $1,063,037 excess loan distribution was an error. *See* Pl. Mot. 4. On January 12, 2022, Plaintiff executed a PPP loan forgiveness application form requesting forgiveness of the entire $2 million loan. OHA Decis. 2.

## II.    PROCEDURAL HISTORY

On September 1, 2022, the SBA issued a loan review decision denying forgiveness of Plaintiff's entire $2 million loan. *Id.* The SBA determined that since Plaintiff violated the Corporate Group Rule, it was ineligible for the $2 million loan it received in the first place, and not entitled to any forgiveness. *See* SBA Decis. 1. Plaintiff timely appealed the decision to the SBA's Office of Hearings and Appeals ("OHA"). OHA Decis. 3. On appeal, Plaintiff argued that the SBA erred by denying forgiveness of the entire loan and should have instead only denied forgiveness of the $1,063,037 that exceeded the Corporate Group Rule cap. *Id.* at 6; Pet. Mot. 5. Plaintiff, in other words, claimed it was entitled to partial forgiveness of $936,963—the borrowed amount that did not exceed the SBA maximum. OHA Decis. 6. It also asserted that the receipt of funds over the $4 million corporate limit constituted a loan amount error "made in good faith" and that, under applicable regulations, it was improper for the SBA to deny forgiveness of the portion of the loan for which it was eligible. *Id.* Among the regulations Plaintiff highlighted in its appeal was the interim final rule at 85 Fed. Reg. 33012 concerning the SBA's process for reviewing PPP loan forgiveness applications. The rule explicitly addresses the question: "If SBA determines that a borrower is ineligible for a PPP loan, can the loan be forgiven?" The answer states:

> No. If SBA determines that a borrower is ineligible for the PPP loan, SBA will direct the lender to deny the loan forgiveness application…Further, if SBA determines that the borrower is ineligible for the loan amount or loan forgiveness amount claimed by the borrower, **SBA will direct the lender to deny the loan forgiveness application in**

**whole or in part, as appropriate**. SBA may also seek repayment of the outstanding PPP loan balance or pursue other available remedies.

85 Fed. Reg. 33012 (emphasis added).

While the answer's first sentence does not support partial loan forgiveness, Plaintiff argued that the bold language—particularly the term "as appropriate"—required the SBA to grant forgiveness of its loan in part. OHA Decis. 6. Plaintiff also cited an SBA Procedural Notice addressing excess loan amount errors that states: "If the lender or SBA, as applicable, determines a borrower was ineligible for any portion of its loan amount, forgiveness will be denied for the ineligible portion and the borrower must begin making payments on the remaining loan amount." *Id.* (citing SBA Procedural Notice Control No. 5000-20078 (Jan. 15, 2021)).

OHA's administrative law judge ("ALJ") found Plaintiff's arguments unpersuasive and, on February 6, 2023, affirmed the SBA's decision. *Id.* at 8. The ALJ was skeptical of Plaintiff's argument that the language in 85 Fed. Reg. 33012 compelled the SBA to partially forgive its loan. As the ALJ reasoned, "[Plaintiff] would have us read the language as *requiring* PPP loan forgiveness in this instance, but the language cannot be read that way. It gives SBA discretion to allow forgiveness of the ineligible loan 'as appropriate' or suitable or compatible with the CARES Act. And, that exercise of discretion is for SBA to make, not the borrower." *Id.* at 9 (citing 85 Fed. Reg. 33012).[3] The ALJ further noted that determining whether it is "appropriate" to deny partial forgiveness required consideration of the CARES Act as a whole, related regulations, as well as the facts at hand. *Id.*

As to the CARES Act, the ALJ emphasized that restrictions of PPP funds to any one business was "repeatedly stated as the need to preserve limited resources available to the PPP program in light of the high demand for PPP loans, to ensure broad access for eligible borrowers, and the desire that PPP loans go to the largest possible number of borrowers." *Id.* The ALJ highlighted the Corporate Group Rule, adding that explicit guidance on loan calculations and amount-restrictions was readily available to Plaintiff at the time it sought second-draw PPP loans. *Id.* at 8 (citing such guidance). Additionally, the ALJ quoted an interim final rule on borrower accountability found at 85 Fed. Reg. 3712 that Plaintiff apparently omitted from its appeal:

> [I]t is the "responsibility of an applicant for a PPP loan to notify the lender if the applicant has applied for or received PPP loans in excess of the amount permitted by this interim final rule and withdraw or request cancellation of any pending PPP loan application or approved PPP loan not in compliance with the limitation set forth in this rule. **Failure by the applicant to do so will be regarded as a use of PPP funds for unauthorized purposes, and the loan will not be eligible for forgiveness.**"

*Id.* at 8 (quoting 85 Fed. Reg. 3712) (emphasis added).

---

[3] The ALJ was unpersuaded by Plaintiff's discussion of SBA Procedural Notice Control No. 5000-20078, noting that Plaintiff had highlighted certain favorable provisions while overlooking others. OHA Decis. 11.

Finally, as to Plaintiff's loan error, the ALJ was troubled by the "seemingly contradictory reasons" Plaintiff provided for having exceeded the loan limit under the Corporate Group Rule. *Id.* at 9. At one point, Plaintiff had represented to the agency that it was "not aware that the maximum 2nd draw PPP loans the companies could receive was $4 million"; another time, Plaintiff stated that it "exceeded the corporate maximum by mistake, having lost track of the amounts of loans taken out across the various entities of the Borrower's corporate group." *Id.* (quoting Plaintiff). The ALJ observed:

> I find it concerning that a corporation, seeking millions of dollars in funds from the public trust, would not inform itself of all requirements for eligibility for a PPP loan. Or, that the corporation would not responsibly keep track of the amounts of loans taken out by the various corporate entities. SBA implemented rules specifically for corporate groups and placed the onus squarely on the borrower to know and abide by those rules. It is the borrower's responsibility to know the loan requirements and ignorance of the requirements is no excuse. [Plaintiff] seems otherwise to be a sophisticated borrower and the claim that it was not aware of the $4,000,000 limit seems disingenuous, at best. The [Celebrity Corporate Group] had already received 4 First Draw loans and 3 Second Draw loans. As to each of these it had to certify on the PPP loan application that it met the eligibility requirement for the loan. Was the certification in each case not true? [Plaintiff's] claim that it was not aware of the maximum eligible amount suggests that it may have falsely certified to the contrary. Finally, to claim lack of knowledge of the eligibility requirement shows incredible lack of responsibility and good faith in applying for the PPP loans in question.

> Similarly, the second reason advanced – that it "exceeded the corporate maximum by mistake, having lost track of the amounts of loans taken out across the various entities of the Borrower's corporate group" – suggests a high degree of negligence, carelessness, and lack of responsibility in record-keeping, especially again since [Plaintiff] certified on the initial loan application that it qualified for the $2,000,000 of PPP loan and again certified on the forgiveness application that it qualified for the full $2,000,000 in forgiveness. Both reasons suggest an attitude that is not consistent with the spirit of the CARES Act, which relies on the truthfulness and a degree of care expected by responsible borrowers to make the PPP loan program work. [The Celebrity Corporate Group] received and retained $1,063,037 in PPP funds disbursed in March 2021 for nearly 18 months. As a result of [Plaintiff's] failure to act responsibly, that $1,063,037 was not available for other potential small business applicants to keep their businesses afloat, thwarting the intent of the PPP program to provide expeditious relief to as many small businesses as possible.

*Id.* at 10.

Against this backdrop, the ALJ found that Plaintiff failed to show a clear error of fact or law by the SBA and affirmed the agency decision to deny partial forgiveness of the loan. *Id.* at 8. Having exhausted administrative remedies, Plaintiff filed this suit on March 28, 2023, challenging Defendants' actions under the APA. ECF No. 1. After this Court granted requests for extensions to the briefing schedule, both parties cross-moved for

summary judgment on October 30, 2024. ECF Nos. 23, 24. Opposition briefs were filed on December 10, 2024, and replies on January 10, 2025. ECF Nos. 38-39, 40-41.

## III.    LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Not every factual dispute will preclude summary judgment, and those concerning "irrelevant or unnecessary" facts will not factor into the Court's analysis. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Rather, "a fact is 'material' under Rule 56 if its existence or nonexistence might impact the outcome of the suit under the applicable substantive law." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (citing *Anderson*, 477 U.S. at 248). Similarly, a dispute about a material fact is "genuine" if "a reasonable jury could return a verdict for the nonmoving party." *Id.* (quoting *Anderson*, 477 U.S. at 248). Here, the parties did not furnish a statement setting forth material facts as to which there does not exist a genuine issue. *See* L. Civ. R. 56.1(a). But they appear to agree on the material facts, and since this case concerns an administrative appeal, the facts are in the administrative record.[4] *See* ECF Nos. 27-33. Since this case presents a legal issue involving a federal agency decision, it is appropriately resolved as a matter of law at the summary judgment stage. Under the APA, a reviewing court must "hold unlawful and set aside agency action" found to be, *inter alia*, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(A), (C).

## IV.    DISCUSSION[5]

Plaintiff's complaint contains three counts. Under Count I, Plaintiff alleges that the SBA's denial of partial loan forgiveness contravenes the text of CARES Act and the SBA's own regulations. Compl. ¶¶ 29-33, ECF No. 1. Under Count II, Plaintiff argues that, in denying forgiveness of the $936,963 portion of the loan not in excess of the Corporate Group Rule maximum, the SBA acted arbitrarily and capriciously. *Id.* at ¶¶ 34-37. Finally, under Count III, Plaintiff requests that this Court compel the SBA to grant forgiveness of the $936,963 distribution. *Id.* at ¶¶ 38-41.

In its motion for summary judgment, Plaintiff expectedly reiterates arguments it raised to OHA. But Plaintiff also argues before this Court that the case presents "novel questions of first impression" with respect to both the CARES Act and the appropriate standard of judicial review. Pl. Mot. 1-3; Pl. Opp. 2. Specifically, Plaintiff contends that, under the Supreme Court's recent decision in *Loper Bright Enterprises v. Raimondo*, 603

---

[4] The record reflects disagreement over whether the excess loan error was a good-faith mistake, with the ALJ challenging Plaintiff's assertion that it made only an inadvertent loan-application error. *See* OHA Decis. 10. But to the extent this issue can even be characterized as a factual dispute between the parties, the Court does not find it to be a *genuine dispute as to a material fact* that precludes summary judgment.

[5] This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the APA.

U.S. 369, 144 S. Ct. 2244, 219 L. Ed. 2d 832 (2024), this Court must exercise its independent judgment and reverse the SBA's decision denying forgiveness of the entire loan. Pl. Mot 6-7. On the other hand, Defendants, in their cross motion for summary judgment, assert that the SBA acted reasonably (and not arbitrarily) when it denied Plaintiff's application for partial loan forgiveness. *See generally* Defs. Mot. Defendants argue that (1) Plaintiff's proposed relief and statutory construction is unsupported by the applicable legal framework and that (2) Plaintiff misconstrues the Supreme Court's decision in *Loper Bright*, which should not affect this Court's analysis of the SBA decision. *See id.* at 18-14; Defs. Opp. 5-7, ECF No. 39. The Court, having carefully considered the parties' submissions, finds that Defendants' arguments ultimately prevail.

### A.    Whether the SBA's Final Decision Contravenes the CARES Act and the SBA's Own Regulations

In an APA case, the reviewing court must set aside an agency action found to be "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(C). Plaintiff argues that the SBA's loan forgiveness denial exceeds its statutory authority by being both incompatible with the CARES Act and contrary to the SBA's own implementing regulations. Pl. Mot. 7-10. It first points to a section of the CARES Act that provides that PPP loan recipients are "*eligible* for forgiveness of indebtedness on a covered loan in an amount equal to the sum of [certain costs incurred and expenses made (e.g., payroll)] during the covered period" but not to "exceed the principal amount of the financing made available under the applicable covered loan." 15 U.S.C. §§ 636m(b), (d)(1) (emphasis added); *see* Pl. Mot. 7-8. Plaintiff asserts that the SBA's denial of partial loan forgiveness is "incompatible with this provision's implication that loans can be forgiven in various amounts up to the principal amount." Pl. Mot. 8.

Plaintiff also contends that the SBA's decision directly contravenes its own regulations, specifically the rules it highlighted in its appeal to OHA. *See id.* at 9-10; OHA Decis. 6-7. As noted, Plaintiff suggests that the language in the rule at 85 Fed. Reg. 33012—the SBA may "deny the loan forgiveness application in whole or in part, as appropriate"—means that SBA is *required* to grant partial forgiveness. Pl. Mot. 9. Additionally, Plaintiff again interprets SBA Procedural Notice Control No. 5000-20078 as requiring the SBA to forgive the $936,963 disbursement. *Id.* The notices states, "[i]f the lender or SBA, as applicable, determines a borrower was ineligible for any portion of its loan amount, forgiveness will be denied for the ineligible portion and the borrower must begin payment on the remaining loan amount." Procedural Notice Control No. 5000-20078. But the notice also specifies that "[a] borrower may not receive loan forgiveness for any amount that exceeds the correct maximum loan amount permitted by statute for that borrower." *Id.* Further, a footnote in the notice references a related rule providing:

> If SBA determines in the course of its review that the borrower was ineligible for the PPP loan based on the provisions of the CARES Act, SBA rules or guidance available at the time of the borrower's loan application, or the terms of the borrower's PPP loan application … **the loan will not be eligible for loan forgiveness**.

*Id.* n.2 (citing 85 Fed. Reg. 38306) (emphasis added)).

In support if its statutory construction, Plaintiff invokes "the new standard set forth in *Loper Bright*," arguing that, under this seminal decision, the Court must exercise its independent judgment and reverse the SBA ruling. Pl. Mot. 6-7. But Plaintiff's invocation of *Loper Bright* is ultimately unavailing. Yes, *Loper Bright* struck down the decades-old *Chevron* doctrine dictating that courts must defer to a federal agency's reasonable interpretation of a statute when that statute is ambiguous or silent on a specific issue. *Loper Bright*, 144 S. Ct. at 2273; *see generally Chevron U. S. A. Inc. v. Natural Res. Defense Council, Inc.*, 467 U. S. 837 (1984)). Now with *Chevron* overruled, courts must indeed "exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires." *Loper Bright*, 144 S. Ct. at 2273. However, as Defendants correctly observe, Plaintiff misses the point: there is no ambiguity here as the relevant statutes and implementing rules plainly give the SBA discretion to ("as appropriate") deny forgiveness for second-draw PPP loan that exceeded the corporate maximum. *See* Defs. Opp. 4; 85 Fed. Reg. 33012. In asserting otherwise, Plaintiff appears to cherry-pick language from relevant rules and statutory provisions to arrive at a conclusion that suits its business interest. By contrast, a court's duty is to "construe statutes, not isolated provisions." *Graham Cnty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 559 U.S. 280, 290, 130 S. Ct. 1396, 176 L.Ed.2d 225 (2010) (cleaned up). Further, "[i]t is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 441 (2019) (quoting *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989)). And when a court interprets a statutes, "its goal is to effectuate Congress's intent." *Essential Enter. Sols., LLC v. United States Small Bus. Admin.*, No. 22-1507, 2024 WL 5248242, at *5 (M.D. Pa. Dec. 30, 2024) (citing *S.H. ex rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248, 257 (3d Cir. 2013)).

With this in mind, it is worth recalling that, long before the pandemic, Congress granted the SBA "extraordinarily broad powers" to carry out § 7(a)'s loan program for small businesses. *Small Bus. Admin. v. McClellan*, 364 U.S. 446, 447 (1960). And pursuant to its mandate to "take any and all actions" to "mak[e]" and "servic[e]" such loans, 15 U.S.C. §§ 632(a)(2)(A)–(B), 634(b)(7), the SBA established various eligibility criteria for its Section 7(a) loan program, including the Corporate Group Rule in the context of PPP loans. Contrary to Plaintiff's implications, the PPP is "a loan guaranty program, not a grant program." *Springfield Hosp., Inc. v. Guzman*, 28 F.4th 403, 409 (2d Cir. 2022). Thus, the SBA's denial of Plaintiff's application for forgiveness of its second-draw loan comports with the applicable statutory framework and the whole purpose of the PPP.

### B.    Whether the SBA's Final Decision is Arbitrary and Capricious

Under the APA, courts must also invalidate agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). In arguing that the SBA's decision to deny partial loan forgiveness was arbitrary and capricious, Plaintiff continues to spill much ink on *Loper Bright. See* Pl. Mot. 7

("Applying the new standard set forth in *Loper Bright* to this case, this Court must reverse the SBA's final decision denying forgiveness of the entirety of Celebrity's second draw loan, as arbitrary, capricious, an abuse of discretion, and/or otherwise not in accordance with law."); Pl. Opp. 9 ("With *Chevron* now repealed, this Court is free to hold that the SBA's final decision in this case was an arbitrary and capricious action."). Defendants, acknowledging *Chevron* has been overturned, maintain that Plaintiff misapplies *Loper Bright* to this matter. Defs. Opp. 5. Accordingly, at this juncture, the Court pauses to clarify the standard of review with respect to the "arbitrary and capricious" analysis.

While *Loper Bright* abolished *Chevron* deference to an agency's reasonable interpretation of an ambiguous statute, it did not obliterate the APA's "mandate that judicial review of agency policymaking and factfinding be deferential." 144 S. Ct. at 2261 (citing 5 U.S.C. § 706(2)(A) and (E)); *see also Colt & Joe Trucking, LLC v. U.S. Dep't of Lab.*, No. 24-00391, 2025 WL 56658, at *8 (D.N.M. Jan. 9, 2025 (declining to "extend *Loper Bright*'s standard to arbitrary and capricious review until the Tenth Circuit or Supreme Court speaks directly on the issue"). The Court's arbitrary and capricious review will accordingly proceed under the standard of review outlined in *Motor Vehicle Mfrs. Ass'n v. State Farm Mut.*, 463 U.S. 29, 43 (1983) and followed by courts in this Circuit.

The "touchstone of arbitrariness review is rationality, meaning that the court must analyze whether there is a rational connection between the facts found by the agency and its ultimate decision, based on a consideration of the relevant factors and whether there has been a clear error of judgment." *New Jersey v. United States Dep't of Transportation*, No. 23-03885, 2024 WL 5247990, at *5 (D.N.J. Dec. 30, 2024) (citing *Motor Vehicle Mfrs. Ass'n*, U.S. 463 U.S. at 43) (internal citation and quotation marks omitted)). When reviewing a federal agency decision, "the court cannot substitute its own policy judgment for that of the agency, but the court must ensure that the 'agency ... acted within a zone of reasonableness and, in particular, has reasonably considered the relevant issues and reasonably explained the decision.'" *Essintial Enter. Sols., LLC v. United States Small Bus. Admin.*, No. 22-1507, 2024 WL 5248242, at *3 (M.D. Pa. Dec. 30, 2024) (quoting *F.C.C. v. Prometheus Radio Project*, 592 U.S. 414, 423 (2021)). Here, the Court must ensure that the SBA connected the dots between the facts and its decision, but an explanation of "less than ideal clarity" should not be invalidated if "the [SBA's] path may reasonably be discerned." *Motor Vehicle Mfrs. Ass'n*, U.S. 463 U.S. at 43.

The crux of Plaintiff's issue with the SBA's denial of loan forgiveness is that "SBA's final decision attributes bad faith to [Plaintiff] where none exists," which was "an arbitrary and capricious action ... that this Court cannot abide." Pl. Opp. 2. Importantly, Plaintiff contends that its excess loan error was made in good faith and that there is "no evidence anywhere in the record suggesting that the corporate group exceeded the maximum other than through an inadvertent error." Pl. Mot 4. As discussed, the ALJ cast doubt on Plaintiff's assertion that its loan error was made in good faith, though the judge stopped short of explicitly stating that it engaged in willful misconduct. *See* OHA Decis. 10 ("[T]o claim lack of knowledge of the eligibility requirement shows, at a minimum, an incredible lack of responsibility and good faith in applying for the PPP loans in question.").

After reviewing the twelve-page OHA decision affirming denial of the entire loan, the Court disagrees that it reflected an arbitrary and capricious action. Even assuming the ALJ improperly imputed bad faith to Plaintiff's loan error, the judge, as Defendants correctly observe, rooted its ruling in the statutory framework, not in Plaintiff's state of mind. *See* Defs. Reply 4. The ALJ noted that the CARES Act "relied on degree of care expected by responsible borrowers to make the PPP loan program work." OHA Decis. 10. In this case, to receive its second (and first) draw loans, Plaintiff would have had certify on each PPP loan application that it met the eligibility requirement for the loan. *Id.* As the ALJ observed:

> [The Celebrity Corporate Group] received and retained $1,063,037 in PPP funds disbursed in March 2021 for nearly 18 months. As a result of Appellant's failure to act responsibly, that $1,063,037 was not available for other potential small business applicants to keep their businesses afloat, thwarting the intent of the PPP program to provide expeditious relief to as many small businesses as possible.

*Id.*

In other words, the ALJ did not focus solely on Plaintiff's loan error. Within the framework of the relevant statutes and rules, the judge connected Plaintiff's clear violation of the Corporate Group Rule to the SBA's denial of loan forgiveness—even partial forgiveness. In denying even partial loan forgiveness, the ALJ, in other words, articulated "a rational connection between the facts found and the choice made," *Motor Vehicle Mfrs. Ass'n*, U.S. 463 U.S. at 43, and the Court is satisfied with the SBA's final decision, while recognizing it is a bitter pill to swallow for the Celebrity consortium. Ultimately, even if the SBA's complete forgiveness-denial is "harsh" (to borrow Plaintiff's characterization), as explicated by the ALJ, the decision falls "within a zone of reasonableness," *FCC v. Prometheus Radio Project*, 592 U.S. 414, 423 (2021). In sum, Plaintiff has failed to meet its burden of demonstrating that the SBA's final decision was arbitrary and capricious.[6]

## V.    CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion for summary judgment and **GRANTS** Defendants' cross-motion. An appropriate order follows.

WILLIAM J. MARTINI, U.S.D.J.

DATE: May 2, 2025

---

[6] The Court need not address Plaintiff's request to compel the SBA to partially forgive its PPP loan.